Cleiman v. Murphy.

Mr. J. M. Hamill, for defendant in error.

ANDREW CLEIMAN, FOR USE, ETC.,

v.

ANN E. MURPHY ET AL.

*Principal and Surety—Payment by Surety—Extinguishment of Cause of Action.*

Where judgment on a note is paid by the surety, though he was not a party thereto, the note and judgment are thereby absolutely extinguished as a cause of action.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Randolph County; the
Hon. GEO. W. WALL, Judge, presiding.

William Murphy executed his note to Andrew Cleiman, of
date February 11, 1882, due September 1, 1882, for $1,200,
with Wm. Cohen surety thereon.

Murphy died on April 19, 1883. Cleimen presented the
note, and the same was allowed as a claim against the estate of
Murphy. On September 8, 1883, Cleiman demanded and re-
ceived payment in full satisfaction of the note from Cohen, the
surety, and on the same day assigned the judgment allowed in
his favor against the estate, to Cohen, who subsequently
assigned it to Wm. R. Borders, and Borders to James Bot-
tom. Each assignment was made by indorsement on the
judgment docket.

Murphy left a will, and Wm. R. Borders became indebted
for rents of lands owned by Murphy at his death, which were
decreed to be paid the devisees. Bottom sued out a writ of
attachment from the Circuit Court of Randolph County, which
was served on Wm. R. Borders, as garnishee, on December
31, 1888. A declaration which describes the note and judgment
was filed, in which Andrew Cleiman, for use of James Bot-
tom, sought to recover judgment under Sec. 12 of the Statute
of Frauds against the devisees of Murphy for rents received.
Stipulation was filed that all defenses might be offered under
the general issue, and the limit of recovery sought was the
rents owing from Borders.

Verdict and judgment for defendants.

Messrs. KOERNER & HORNER, for appellant.

Mr. H. CLAY HORNER, for appellees.

PHILLIPS, J. When Cohen, as surety for Murphy, paid
Cleiman, the holder of the note, the full amount due on the
note, it, as a substantive cause of action, was absolutely extin-

guished and could not support an action in favor of Cleiman. The claim allowed in favor of Cleiman was for the note with interest. While Cohen, the surety on the note, was not a party to the judgment against the estate, yet after the rendition of that judgment the note was paid by him as surety, and an assignment of the judgment made to Cohen by Cleiman. The payment by Cohen as surety satisfied the judgment allowed against the estate, and the assignment by Cleiman to Cohen did not revise that judgment.

The evidence in the record precludes us from finding it was a sale of the judgment. Both Cleiman and Cohen testify that Cohen paid the note as security. That payment having been made by the surety the judgment could not be a cause of action against any one. While Cohen would have a cause of action against the estate for money paid as surety, he could recover on neither the note or judgment. The suit by Cleiman for use of Bottom, based on the note and judgment in the declaration described, and on the assignments by Cleiman to Cohen, Cohen to Borders, and Borders to Bottom, sought a recovery on a cause of action which had been fully paid and satisfied and was not evidence to authorize a verdict for plaintiff. We do not deem it necessary to discuss other questions raised in argument by appellee, as the judgment must be affirmed.

*Judgment affirmed.*