Nora Galway, Appellant, v. City of Chicago, Appellee.

Gen. No. 23,085.

1. INFANTS, § 34*—*who may not discharge judgment in favor of infant.* A next friend may not discharge a judgment in favor of a minor.

2. JUDGMENT, § 642*—*what is proper procedure where satisfaction is unauthorized.* When a satisfaction of judgment is unauthorized, the proper procedure is to make a motion to vacate the satisfaction of the judgment record and annul the satisfaction piece filed, whereupon an action may be brought upon the judgment.

3. JUDGMENT, § 642*—*how unauthorized satisfaction may be set aside.* An unauthorized satisfaction of a judgment may be set aside by a bill in equity.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917. Rehearing denied October 15, 1917.

WILLIAM SCOTT STEWART, for appellant; HENRY P. HEIZER, of counsel.

JOSEPH A. GRABER, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff, while a minor, through her next friend, her mother, obtained a judgment against defendant for personal injuries in the Circuit Court of Cook county for $450 and costs. This judgment was assigned by the next friend to the attorney who prosecuted the case and he paid to her the amount due less his lawful charges and afterwards filed a satisfaction piece with the clerk of the court, who satisfied the judgment of record.

The next-friend mother was a deserted wife, with four children, who worked to support her family. The money she received on the judgment was expended in the support of plaintiff, who, after attaining her majority, repudiated her mother's action in the premises and instituted this suit to recover the amount of the Circuit Court judgment with interest and costs. The cause was submitted for trial before the court and there was a finding for defendant and a judgment of *nil capiat* with costs against plaintiff, who appeals.

The questions here involved are of law and not of fact. While a next friend may not discharge a judgment in favor of a minor, yet it fairly appears that the money received from the attorney was used in the support and maintenance of plaintiff prior to her becoming of age.

The holdings of the trial judge on the propositions

of law found in the record conform to the law of the case and need not be here recited. Plaintiff has, however, proceeded erroneously. She should have moved the court rendering the judgment to vacate the satisfaction of the judgment record and to annul the satisfaction piece filed. After so doing she might have brought this action upon the judgment, which would then be unsatisfied. The record showing a satisfaction of the judgment, no cause of action exists. Recourse might have been had in equity by bill to set aside the satisfaction of the judgment. *Prindeville v. Curran*, 132 Ill. App. 162.

In *Turnan v. Temke*, 84 Ill. 287, it was held that the remedy for setting aside an unauthorized satisfaction of a judgment was by motion in the court and cause in which the judgment was entered.

The judgment of the Municipal Court is affirmed.

*Affirmed.*