### Karoline Seidel et al., Defendants in Error, v. Margaret Holcomb et al., Plaintiffs in Error.

### Gen. No. 32,425.

Opinion filed May 14, 1928.   Rehearing denied May 29, 1928.

JOSEPH E. WINTERBOTHAM, for plaintiffs in error.

HAROLD A. FEIN, for defendants in error.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

By this writ of error Margaret and Lee Holcomb and Charles E. Roland seek to reverse a decree entered upon a bill brought by Karoline Seidel and Harold A. Fein, individually and as trustee, to foreclose a trust deed. The bill was filed June 18, 1925, and averred that on May 11, 1925, Margaret and Lee Holcomb executed a trust deed to secure an indebtedness in the sum of $18,200 evidenced by 58 notes, numbers 1 to 56 inclusive, for $100 each, payable monthly, note No. 57 for $2,000 and No. 58 for $10,600; notes Nos. 57 and 58 being payable 57 and 58 months after date with interest at 6 per cent per annum. The bill alleged that Karoline Seidel was the owner of $13,100 face value of these notes; that Fein was the owner of note No. 7, and that Charles Roland was the owner of other of those notes to the amount of $5,000; that the premises conveyed were subject to two prior trust deeds; that Margaret Holcomb had made default in the payment

of premiums for fire insurance, in the payment of interest which had matured on one of the prior incumbrances, and in the payment of note No. 1, which had become due June 11, 1925; that complainants had therefore exercised their option to declare the entire indebtedness and interest thereon due and payable and filed their bill to foreclose. Margaret and Lee Holcomb, Charles E. Roland and unknown owner or owners were made defendants to the bill, to which was attached a copy of the trust deed.

Margaret and Lee Holcomb entered their appearance on June 25, 1925, and filed a general demurrer. Charles E. Roland was served personally but filed no appearance, and an order of default was entered against him. The demurrer of the Holcombs was overruled on May 17, 1926, and their default for want of an answer was taken on July 6, 1926. The cause was referred to a master, and an order of default was entered as to unknown owner or owners.

The master took the evidence and reported, finding that the court had jurisdiction of the subject matter, the execution of the notes Nos. 1 to 58 for the amounts as alleged in the bill, the execution and delivery of the trust deed; that complainant Karoline Seidel was the owner of notes aggregating $14,700 and of the trust deed; that the defendants had defaulted and that Karoline Seidel had elected to declare the notes due and payable. The report specifically found, ''That all the rights of other parties to the cause are subject and inferior to complainant's lien; that complainant is entitled to foreclose and to have the premises sold''; and recommended that the decree of foreclosure be entered in accordance with the finding. The report found that the sum of $1,750 was a reasonable charge for solicitor's fees, for which the complainant, Karoline Seidel had a lien.

Objections were filed to this report by Margaret and Lee Holcomb, which were overruled, and upon the

hearing before the chancellor it was ordered that they should stand as exceptions. Upon the hearing of the exceptions, the court sustained No. 3, disallowing the solicitor's fees recommended by the master, overruled all other exceptions and entered a decree finding that there was due the complainant Karoline Seidel $16,188.05 with interest from November 9, 1926; that she was entitled to a lien for that amount against the premises, and that "That lien is prior to the right, title, interest and lien of all the parties to this cause." The decree further directed that in default of payment of the amount found due, the premises should be sold, and that in such case the master should retain his fees, "then pay to complainant the amount due complainant and if not sufficient he should apply such remainder in satisfaction of the amount due so far as it will reach, and report the deficiency."

Plaintiffs in error contend in the first place that as there are two complainants, namely, Karoline Seidel and Harold Fein, while only one of these complainants recovers, the decree must be reversed since all complainants must recover or none, citing *Girard v. Lehigh Stone Co.*, 280 Ill. 479; *Daniel Boone Woolen Mills v. Laedeke*, 238 Ill. App. 92, and *Roeder v. Pipe*, 235 Ill. App. 89.

The briefs do not tend to show that Fein was entitled to any relief. He was so entitled as trustee named in the trust deed, and as such trustee was a necessary party, but as there was no proof of any right to individual relief, it would have been proper practice to dismiss as to him.

Plaintiffs in error next contend that under the provisions of the trust deed, complainant Karoline Seidel, since the proof shows that she was the owner of only a part of the indebtedness secured by the trust deed, did not have any power, notwithstanding the defaults proved, to accelerate the maturity of the whole in-

debtedness. The notes secured do not grant such power. The trust deed provides as follows:

"In the event of failure so to insure, or pay taxes or assessments, or the prior incumbrances or the interest thereon when due, the grantee or the holder of said indebtedness may procure such insurance, or pay such taxes or assessments, or discharge or purchase any tax lien or title affecting said premises or pay all prior incumbrances and the interest thereon from time to time; and all money so paid the grantors agree to repay immediately without demand, and the same with interest thereon from the date of payment at seven per cent per annum, shall be so much additional indebtedness secured hereby.

"In the event of a branch of any of the aforesaid covenants or agreements, the whole of said indebtedness, including principal and all earned interest, shall, at the option of the legal holder thereof, without notice, become immediately due and payable, and with interest thereon from time of such breach, at seven per cent per annum, shall be recoverable by foreclosure thereof, or by suit at law, or both, the same as if all of said indebtedness had then matured by express terms."

This court is of the opinion that the power here granted is to the holder of the whole of the indebtedness to the exclusion of the owner of any part thereof, and since the undisputed evidence shows that Karoline Seidel is not the owner of the whole but, on the contrary, the owner of only a part of the indebtedness, the finding of the master's report and the decree that she rightfully declared the whole amount due is not sustained by the evidence.

The decree entered is also erroneous because it finds that the lien of Karoline Seidel "is prior and superior to the right, title and interest of the lien of all the parties to this cause." Under the evidence, her lien is not prior and superior to that of Roland as the owner of part of the notes secured by the trust deed,

but on the contrary his lien was of the same kind and quality as her own. It was erroneous therefore to order the property sold clear of the liens of other note holders and that the proceeds be paid to complainant to the exclusion of the other owners. Complainant is entitled (if she so elects) to the foreclosure of her lien subject to the continuing lien of other holders, as set forth in *Boyer v. Chandler,* 160 Ill. 394; *Northern Trust Co. v. Sanford,* 308 Ill. 381.

For the reasons indicated the decree is reversed and the cause remanded for proceedings in conformity with the views herein expressed.

*Reversed and remanded.*

O'Connor and McSurely, JJ., concur.