Carmine Rocco, Plaintiff in Error, v. Chicago City Bank and Trust Company, Defendant in Error.

Gen. No. 36,769.

Opinion filed November 6, 1933.

Louis Jaffe, for plaintiff in error.

Rathje, Wesemann, Hinckley & Barnard, for defendant in error; Francis E. Hinckley, of counsel.

Mr. Presiding Justice Matchett delivered the opinion of the court.

Complainant filed a bill to foreclose a trust deed by which certain described premises were conveyed to the defendant trust company to secure an indebtedness of $130,000 represented by 190 notes. She averred that she was the owner of three of these notes for $1,000 each; that the same were in default; and asked that she might be decreed to represent all the holders of the notes.

The trust deed provides that in case of default then the whole principal sum shall at once, at the option of the holder of said principal note, become immediately due and payable without notice, and that the legal holder of said principal note or the trustee for the benefit of the legal holder of said note shall have the right immediately to foreclose the trust deed. The trust deed described the principal note as one for $130,000.

The trust company appeared and filed a plea setting up that it was the trustee under the trust deed; that in the interest of all the holders of notes secured by the trust deed it had on January 23, 1932, prior to the beginning of the present suit, filed a bill to foreclose the trust deed in the superior court of Cook county; that thereafter as trustee it went into possession of the premises and was then in possession of the same and in receipt of the rents for the benefit of all the holders of the notes. The plea, upon hearing, was sustained and the bill dismissed, and this decree we are asked to reverse.

Complainant says that she was not made a party to the suit begun by the trustee in the superior court; that no defendant was served in that suit by summons or by publication, and that she was therefore entitled to start her suit and press it to a conclusion. She cites a number of cases: *Norris v. Ile,* 152 Ill. 190; *Lyon v. Moore,* 259 Ill. 23; *Gage v. Chicago Title & Trust Co.,*

303 Ill. 569; *Mack v. Liverpool & London & Globe Ins. Co.,* 329 Ill. 158.

The above cases all hold rightly that service of summons or entry of appearance is necessary in order that complainant in a bill of equity may acquire a *lis pendens* of the litigation, but that has nothing to do with any question arising on this record.

As a matter of fact, complainant as the owner of only part of the indebtedness could not maintain a suit to foreclose all of it. *Seidel v. Holcomb,* 249 Ill. App. 10. There is nothing in the record to sustain her statement that defendants in the suit in the superior court were not served with summons.

The plea which upon hearing would of course be taken as true, challenges the right of complainant to maintain her suit. The court held that this right was vested in the trustee and not in complainant, and the ruling was correct on this record. The decree is therefore affirmed.

*Affirmed.*

McSurely and O'Connor, JJ., concur.