J. Paul Zalesk, Appellee, v. Peter Wolanski et al., Defendants. Polish National Alliance of the United States of America, Appellant.

Gen. No. 37,609.

Opinion filed June 26, 1935. Rehearing denied July 10, 1935.

Joseph X. Waynne, of Chicago, for appellant.

Joseph F. Elward and W. G. Pokorny, both of Chicago, for appellee; Joseph F. Elward, of counsel.

Mr. Justice Hall delivered the opinion of the court.

This is an appeal by the Polish National Alliance, one of the defendants herein, from a decree of the superior court of Cook county. The bill was filed by plaintiff on September 30, 1932, for the foreclosure of a mortgage trust deed on certain described real estate, given to secure the payment of nine promissory notes held by various parties, totaling $30,000. The suit was brought on behalf of the owners of all the notes, who were all made defendants. In the decree, the court found that the plaintiff, as one of the note holders, under the terms of the trust deed, had the right to declare the whole amount of the indebtedness due and unpaid and to prosecute the suit on behalf of all the note holders. The decree orders the sale of the mortgaged property and the distribution of the proceeds. There seems to be little if any question as to the facts involved in the case.

On September 26, 1929, Peter Wolanski and Jennie Wolanski, his wife, executed a mortgage trust deed on certain real estate to secure the payment of nine promissory notes. All of the notes were dated September 26, 1929, and were numbered 1 to 9 consecu-

tively. Number 1 was for $1,000 due one year after date, number 2 for $500 due one and a half years after date, number 3 for $500 due two years after date, number 4 for $500 due two and a half years after date, number 5 for $500 due three years after date, number 6 for $500 due three and a half years after date. Number 7 for $500 due four years after date, number 8 for $500 due four and a half years after date and number 9 for $25,500 due five years after date. The last named note number 9, is the property of the Polish National Alliance.

On September 26, 1930, the following document was executed by the makers of the notes and the trust deed:

"In Consideration of the extension of the time of payment of One Thousand and no/100 Dollars of the principal sum evidenced by the note hereto attached, executed by Peter Wolanski and Jennie Wolanski, his wife, dated September 26th, 1929, for the sum of One Thousand and No/100 Dollars payable to the order of Bearer—due one year after its date, secured by a Trust Deed to Chicago Title & Trust Company which was recorded in the recorder's office of Chicago, County Cook in book 27417 of records at page 147 as document No. 10494338.

"The Undersigned Hereby Covenants and Agrees to pay on the Twenty-sixth day of September A. D. 1931 to the holder, the said extended sum in gold coin of the United States of America, of the present or an equal standard of weight and fineness, with interest thereon, until the maturity hereof, at the rate of six per centum, per annum, payable in like gold coin semi-annually, on the Twenty-sixth day of March and of September, in each year, according to the tenor of and as further evidenced by two extension coupons of even date herewith, and seven per centum per annum interest after maturity. Both principal and interest are payable at

Sherman State Bank, Chicago—or such other place in the said city as the legal holder may from time to time in writing appoint.

"It Is Further Agreed by the undersigned that all the covenants and agreements in said principal note and said Trust Deed or Mortgage shall be and remain unchanged and in full force and effect during such extended period, except as hereby changed.

"It Is Further Agreed by the undersigned that a default in the payment of said interest coupons or either of them, or any part thereof, when due as provided therein, or a breach of any of the covenants contained in said Trust Deed or Mortgage or said principal note or interest coupons or in this agreement, the legal holder of said notes and coupons may, at the option of such holder, at any time thereafter declare said entire principal sum at once due and payable, together with interest thereon, without notice to the undersigned, and the said Trust Deed or Mortgage may then be at once foreclosed, the same as if said indebtedness had matured by express terms; or the said legal holder may, at the election of such holder, resort to proceedings at law to collect such amount, or may elect to prosecute proceedings both at law and in equity.

"In Witness Whereof the undersigned have hereunto set their hands and seals this Twenty-sixth day of September, A. D. 1930."

This document refers to note number 1. On September 26, 1931, a like document was executed by these parties, purporting to extend the time of payment of note number 1 to September 26, 1932. At the time the bill was filed, the extended time for the payment of note number 1 had expired, and notes Nos. 3, 4 and 5 for $500 each remained unpaid, note number 3 having matured September 26, 1931, number 4 on March 26, 1932, and number 5 on September 26, 1932. Also at that

58

time, the interest due on notes numbers 4, 5, 6, 7 and 8 and on note number 1 was in default. On September 26, 1932, and at the time the bill was filed, there was due and unpaid an instalment of interest on note number 9 amounting to $895. Note number 2 was paid at maturity. The trust deed given to secure these notes contains the following provision:

"AND IT IS FURTHER COVENANTED AND AGREED, that in case of default for three days in making payment of any of said notes, or any installment due in accordance with the terms thereof, either of principal or interest, or of a breach of any of the covenants or agreements herein contained to be performed by the party of the first part, or the heirs, executors, administrators or assigns of said party, then the whole of said principal sum hereby secured shall, at once, at the option of the holder or holders of said principal notes, *or any of them,* become immediately due and payable, without notice to said party of the first part, or the heirs, legal representatives, or assigns of said party.

"And thereupon the legal holder or holders of said principal and interest notes, *or of any of them,* or the party of the second part, for the benefit of the legal holder or holders of said notes, shall have the right to immediately foreclose this Trust Deed. . . ."

Each of the notes contains the following provision:

"It is hereby agreed that if default be made in the payment of any one of the installments of interest aforesaid, or in the payment of the principal or any installment of interest on any other principal note secured by the trust deed hereinafter referred to, . . . then the principal sum hereof together with accrued interest thereon, may at any time without notice, become at once due and payable at the place of payment aforesaid, at the election of the holder or holders here-

of, *or of any principal note described in and secured by said trust deed."*

The bill herein was filed by the owner of note number one, and the first contention of the defendant, Polish National Alliance, is that under the covenants and agreements in the trust deed and notes, plaintiff is without authority to accelerate the maturity of the entire mortgage indebtedness upon default in the payment of the one note held by him and to foreclose for such entire amount when the other notes secured by the same trust deed are owned by others, and the case of *Seidel v. Holcomb,* 249 Ill. App. 10, is cited as authority for this contention. In that case, the trust deed provided that "in the event of a breach of any of the aforesaid covenants or agreements, the whole of said indebtedness, including principal and all earned interest, shall, at the option of the legal holder thereof, without notice, become immediately due and payable, and with interest thereon from time of such breach, at seven per centum per annum, shall be recoverable by foreclosure thereof, or by suit at law, or both, the same as if all of said indebtedness had matured by express terms." The court there said:

"This court is of the opinion that the power here granted is to the holder of the whole of the indebtedness to the exclusion of the owner of any part thereof, and since the undisputed evidence shows that Karoline Seidel is not the owner of the whole but, on the contrary, the owner of only a part of the indebtedness, the finding of the master's report and the decree that she rightfully declared the whole amount due is not sustained by the evidence."

In the case at bar, however, we have an entirely different situation. As noted, the trust deed provides that in case of a breach of any of the covenants of the trust deed, "then the whole of said principal sum hereby

secured shall at once, at the option of the holder or holders of the principal notes, *or any of them,* become immediately due and payable," and that any of the note owners affected might foreclose. It is further to be noted that each note contains the provision that if default be made in the payment of the principal, or any other notes secured by the trust deed, that the principal sum shall become due and payable "at the election of the holder or holders hereof, *or of any principal note described in and secured by said trust deed."*

The defendant further contends that the extension of the maturity date of complainant's note, without the knowledge or consent of the other note holders, had the effect of subordinating the lien of the extended note to the lien of the remaining notes. In the trust deed in question, it is provided that the trustee shall "hold the above described premises with the appurtenances and fixtures unto the party of the second part . . . for the equal security of the principal notes hereinbefore described and the interest coupons attached, without preference or priority of any one of said principal notes over any one of the others by reason of the priority of time of maturity, or of the negotiation thereof, or otherwise." Whether the time for the payment of note number 1 was extended or not, or whether it was paid at the time of its original maturity or not, could not possibly have affected the rights of the appealing defendant, except that its payment might possibly have bettered this defendant's security. When the makers of note number 9 defaulted in the payment of interest on this note, the Polish National Alliance, its owner, had the right to proceed with the foreclosure of the mortgage in the same manner as plaintiff has proceeded here, if it had chosen to do so, and its rights in the premises in such situation would be the same as the rights claimed and attempted to be exercised by the

plaintiff. By failing to act, it could not prevent plaintiff from protecting his rights. We are of the opinion that the plaintiff proceeded under the rights and powers given him under the provisions of both the trust deed and his note, and that the court was not in error in entering the decree. Therefore, the decree of the superior court of Cook county is affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.