Nick Pappas, Appellant, v. George W. Cappell, Jr. et al., Defendants. Victor Jambor et al., Appellees.

Gen. No. 40,120.

Heard in the first division of this court for the first district at the June term, 1938. Opinion filed November 21, 1938.

James Percival Pio, of Chicago, for appellant.

Joseph Randall Shapiro and Henry Pollenz, both of Chicago, for appellees.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Plaintiff appeals from an amended foreclosure decree entered December 1, 1937, altering a prior decree entered October 24, 1936.

The trust deed sought to be foreclosed was executed August 1, 1929, by George W. Cappell, Jr., conveying to Daniel V. Harkin, trustee, certain real estate in Chicago to secure 23 promissory notes, notes 1 to 16 inclusive being for $500 each, and notes 17 to 23 inclusive for $1,000 each, all due five years from date, to wit, August 1, 1934.

February 20, 1934, plaintiff filed his complaint seeking to foreclose this trust deed, asserting that he was the owner of two principal promissory notes, Nos. 4 and 5 for $500 each, on which the interest due February 1, 1934, was in default, and alleging that the complaint was filed on behalf of plaintiff, individually, and as representative of the owners and holders of the other promissory notes.

September 17, 1935, an amended complaint was filed which asserted ownership by plaintiff of notes 4 and 5 only; also an affidavit of lack of knowledge as to the residence of the unknown owners of the other principal promissory notes described in the trust deed, who were served by publication and defaulted; summons was served on Daniel Harkin, the trustee, and an order of default entered against him. The cause was referred to a master in chancery, who took evidence, and a decree was entered October 24, 1936, finding that notes Nos. 4 and 5 and 13 and 19 were owned by plaintiff; that there was due plaintiff on the notes owned by him $3,056.67, and to the unknown owners of notes, $15,283.34, and the property was ordered sold; the master's report of sale was filed January 25, 1937, reporting that the property had been sold to plaintiff for $4,250, with a deficiency of $16,011.84; an order was entered approving the master's report of sale.

Within the year, as permitted by subpar. 8 of sec. 50 of the Civil Practice Act, ch. 110, par. 174, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.050], with respect to parties defendant served by publication, petitions were filed on behalf of Victor Jambor, Jacob Hansen and Daniel Trotter, respectively, alleging that they were the owners of notes secured by the trust deed, and the petitioners challenged that part of the decree that found, among other things, that plaintiff had the right to declare the entire indebtedness due and payable, and asserted that plaintiff had no right to institute legal proceedings on behalf of the holders of all note owners. Answers were filed by plaintiff to these petitions and at the conclusion of the hearing the amended decree from which plaintiff appeals was entered.

Plaintiff says that the ownership of notes by the petitioners was put in issue by plaintiff's answer to the petitions and that no evidence as to this was heard. The decree appealed from recites that the court not only heard the petitions and answers but the testimony of witnesses and admissions of facts made by counsel for plaintiff. An inspection of the record supports this conclusion. Counsel for plaintiff testified before the master and also upon the hearing before the court, that after filing the complaint he had conferences with some of the noteholders whose names and addresses became known to him and who were petitioners. The ownership of the notes by the petitioners was sufficiently proven.

Upon the hearing a certified transcript of proceedings in the municipal court was introduced in evidence, showing that judgment for $1,170 had been entered upon the aforesaid notes 4 and 5, and that on May 6, 1932, a satisfaction piece of this judgment was duly filed for record. The amended decree properly found that notes 4 and 5 were without validity and that plaintiff

had no right to institute foreclosure proceedings predicated on these notes. Where judgment is entered upon a note the note ceases to exist as a separate cause of action and the trust deed is security for payment of the judgment. *Jocelyn v. White*, 201 Ill. 16; *Continental Nat. Bank & Trust Co. v. Chicago Builders Bldg. Corp.*, 283 Ill. App. 64. It is also true that when a judgment on a note has been satisfied this operates to extinguish it. *Galway v. City of Chicago*, 207 Ill. App. 304; *Cleiman v. Murphy*, 34 Ill. App. 633.

Counsel for plaintiff argues that the original parties to the judgment did not intend that these notes should be canceled. There is nothing to support this assumption and by filing the satisfaction piece a contrary intention is indicated. *Chicago Title & Trust Co. v. Bidderman*, 275 Ill. App. 457, 473.

Although the decree finds that plaintiff is the legal owner and holder of notes 13, 14 and 19, the original and amended complaints do not allege ownership by plaintiff of these notes. The foreclosure proceeding is predicated upon the ownership by plaintiff of notes 4 and 5, and, as we have held, plaintiff had no right to do this.

But even if plaintiff had properly alleged the ownership of notes 13, 14 and 19, he could not maintain a foreclosure on behalf of the owners of the other notes. The only provision of the trust deed authorizing foreclosure is as follows:

"In The Event of a breach of any of the aforesaid covenants or agreements the whole of said indebtedness, including principal and all accrued interest, shall, at the option of the legal holder thereof, without notice, become immediately due and payable, and, with interest thereof, from the time of such breach, at seven per cent per annum, shall be recoverable by foreclosure hereof, or by suit at law, or both, the same as if all of said indebtedness had then matured by express terms." This provision does not fit the present situation, where the

notes are held by various parties and all mature on the same day. This provision is the same as that under consideration by us in *Seidel v. Holcomb,* 249 Ill. App. 10, and *Rocco v. Chicago City Bank & Trust Co.,* 272 Ill. App. 303. We there held that the power granted was to the holder of the whole of the indebtedness and that the owner of only a part thereof had no power to act on behalf of the holders of the other notes.

The decree appealed from held that the legal effect of a foreclosure by plaintiff, as holder of some of the notes, was to subordinate his lien to that of the remaining notes. Defendants say this was proper under the decisions in *Boyer v. Chandler,* 160 Ill. 394, and *Northern Trust Co. v. Sanford,* 308 Ill. 381. An examination of these cases does not support this conclusion. In the *Boyer* case plaintiffs, as owners of a note maturing first, sought to foreclose a trust deed; the holders of the other notes not maturing were not made parties; the opinion holds that the plaintiffs were not obliged to delay their foreclosure until the maturity of the other notes, and the decree directed a sale of the premises to produce the amount found due the plaintiffs, subject to the continuing lien of the trust deed for the security of the other notes. Moreover, the plaintiffs sought no relief which might injuriously affect the holders of the notes not due but sought a foreclosure of notes held by them, subject to the lien of the other notes. Like facts were in the *Northern Trust Co.* case. In the instant case the facts are quite different. Here all the notes mature on the same day, and we find no authority for holding that the lien of a part of them should be subordinated to the lien of the others. We hold that the decree in this respect was erroneous.

We find in the record reference to a foreclosure proceeding brought by Daniel V. Harkin, trustee, seeking to foreclose this same trust deed. The complaint in that case was filed December 2, 1937, and the case is now pending in the circuit court, No. 37C–14539.

We are of the opinion that there should not be two foreclosure suits of the same trust deed where all the notes mature on the same date. We hold that both the original complaint and the amended complaint in the instant case should be dismissed for reasons above indicated. We are also of the opinion that all the parties in interest may have their rights adjudicated in the proceedings brought by the trustee.

For the reasons indicated the decree is reversed and the cause is remanded with directions to vacate and set aside all the orders entered therein, including the sale by the master, and that an order be entered dismissing plaintiff's complaint and amended complaint, and that the costs of this appeal be taxed against the plaintiff.

*Reversed and remanded with directions.*

MATCHETT and O'CONNOR, JJ., concur.