(No. 31358

THE PEOPLE *ex rel.* IVAN A. ELLIOTT, Attorney General, Appellee, *vs.* PHILIP B. BENEFIEL, Appellant.

*Opinion filed March 22, 1950.*

R. M. Shaw, Lackey & Lackey, McGaughey & Mc-Gaughey, Philip H. Lewis, Walker J. Henry, and Philip B. Benefiel, *pro se*, all of Lawrenceville, for appellant.

Ivan A. Elliott, Attorney General, of Springfield, (Wayne R. Cook, and Charles H. Evans, of counsel,) for appellee.

Mr. Justice Daily delivered the opinion of the court:

This is an appeal from a judgment of ouster entered by the circuit court of Lawrence County in a *quo warranto* proceeding instituted by the Attorney General to test the right of appellant, Philip B. Benefiel, to hold the office of State's Attorney for that county. Since a construction of our State constitution is involved, the appeal comes directly to this court.

The gravamen of the complaint filed on February 5, 1949, was that the appellant was a usurper of the office and unqualified to hold it, in that he was not an attorney licensed to practice law in Illinois. Appellant's answer denied that he was a usurper or that he held his office unlawfully, but admitted that he was not a licensed attorney. To show that he lawfully held his office, it was alleged in justification that he had been nominated by his party as a candidate for the office at the primary election of April 6, 1948, and received a certificate of nomination; that he completed his law studies in September, 1948, and took the Illinois bar

examination in mid-October. The answer further shows that before the result of the examination was known, he received a majority of the votes cast for the office at the general election of November 2, 1948, and was duly issued a certificate of election by the county clerk. Five days later he was notified that he had failed to pass a satisfactory examination to qualify him for admission to the Illinois bar. Subsequently it appears appellant took and filed his oath of office, furnished bond, was issued a commission for said office by the acting Governor of the State, and, on December 6, 1948, assumed the office of State's Attorney for Lawrence County. In conclusion the answer alleges that appellant had met and complied with all constitutional and statutory qualifications required of a person to enter into and qualify for the office of State's Attorney.

Based on the assertion that the answer was insufficient at law, the Attorney General, appellee here, moved for a judgment on the pleadings. Pursuant to the motion, the court, on April 14, 1949, ruled that the answer was insufficient at law, that it failed to establish justification, and entered a judgment of ouster. Seven days thereafter, appellant filed a motion praying that the judgment be set aside and that he be granted a new hearing. As grounds for the motion it was alleged that the judgment was contrary to law, and, further, that since the date of the judgment appellant had duly qualified and had been licensed to practice law in Illinois. An affidavit attached to the motion averred that appellant had written another bar examination on March 14, 15 and 16, 1949; that subsequent to the date of the judgment of ouster he was notified that he had passed; that he since had been duly approved for character and fitness, had taken the oath of an attorney, and received his license. Following arguments and deliberation, the court denied the motion. This appeal follows, with the appellant contending that both the judgment of ouster and the denial of his motion was error.

The important question presented is whether one elected to the office of State's Attorney in this State is disqualified by the fact that he is not an attorney licensed to practice law in Illinois. Despite appellant's protestations and interpretations to the contrary, we find that this question has already been answered in the case of *People* v. *Munson,* 319 Ill. 596. There, it was held that a State's Attorney who was not licensed to practice law had no authority to appear before a grand jury. In discussing the need that such officer be a licensed attorney, the court considered the language of the constitution which created the office, (Const. of 1870, art. VI, sec. 22,) the statute enumerating the duties of a State's Attorney, (Smith's Stat. 1925, p. 168,) and the provisions of the statute prohibiting the unauthorized practice of law. (Smith's Stat, 1925, p. 164.) The result reached, simply expressed, was that while there is no express statutory or constitutional specification that a State's Attorney be a lawyer, both the term "State's Attorney," as it is understood in the law, and the duties of the office as prescribed by statute, imply that such officer be licensed to practice law. No changes have been wrought in the constitution or statutes now in effect, which would require us to reach a different conclusion. Without further detailing the language in the *Munson case,* we are of the opinion that it affirmatively establishes that a State's Attorney must be licensed to practice law. The fact that the *Munson case* was a criminal appeal rather than a *quo warranto* proceeding, could not, as appellant contends, make it any less determinative of the issue, which was squarely presented and squarely decided.

In his argument appellant has sought to distinguish the supporting decisions of other States cited in. the *Munson case,* and has recalled to our attention the cases cited therein from jurisdictions which hold that a State's Attorney need not be licensed to practice law. The cases on the point are relatively few and for the most part were considered when

the *Munson* decision was written, thus it could serve no useful purpose to pursue them further. We find nothing in the briefs of either party herein which could cause us to depart from the finding of the *Munson case,* which we believe to be the better, logical and majority view.

Appellant urges that the presumption that a State's Attorney must be a licensed attorney to perform the duties of his office is overcome by the statute which provides for the appointment of a special State's Attorney whenever the "State's Attorney is sick or absent, or unable to attend, or is interested in any cause or proceeding," etc. (Ill. Rev. Stat. 1947, chap. 14, par. 6,) and, further, by the provisions of the statute which provides for the appointment of assistant State's Attorneys. (Ill. Rev. Stat. 1947, chap. 53, par. 18.) Though it is not set forth in the pleadings, it appears from the argument that immediately after appellant assumed office, the county board of supervisors authorized him to appoint an assistant State's Attorney until such time as appellant was licensed to practice law. He appointed one Henry, a licensed attorney, who has been appointed special State's Attorney by the court whenever a court appearance is necessary. We do not construe the words "unable to attend," appearing in the statute relating to special State's Attorneys, as extending to a situation where the State's Attorney is unable to attend because he is not qualified to hold the office. As pointed out in *Tearney* v. *Harding,* 335 Ill. 123, this statute does not create a State's Attorney's disqualifications. They exist independently of the statute, which merely provides the means for the prosecution or defense of cases which could not be otherwise properly prosecuted or defended. Nor may such statute be construed as an implication that the State's Attorney need not be licensed to practice law. Rather the reverse is true, for the statute limits the court's appointment of a special State's Attorney to one who is "a competent attorney," which limitation, we believe, gives rise

to a reasonable inference that the State's Attorney, whose duty is to be performed by the special appointee, must himself be a "competent attorney."

Similarly, we are of the opinion that the appointment of an assistant State's Attorney does not have the effect of curing the substantial defect in the legal qualification of a person elected to the office of State's Attorney. The assistant, by terms of the statute, is to be appointed by the State's Attorney and is to work under his supervision. A valid appointment would presuppose that the State's Attorney himself would be fully qualified for his office, one inherent qualification being, as previously pointed out, that he be licensed to practice law. To effectively and validly supervise, the State's Attorney himself would have to be qualified. In at least one instance, this court has held that disqualification of the superior disqualified the assistant State's Attorney acting under his supervision. (*People ex rel. Livers* v. *Hanson,* 290 Ill. 370.) While we do not regard that opinion as conclusively answering the contention made here, it is helpful in determining that the appointment of an assistant State's Attorney does not have the effect of removing the disqualification of the State's Attorney himself. We conclude that the judgment of ouster was proper on the pleadings presented.

We next proceed to inquire whether the trial court should have set aside the judgment and granted a new hearing. The rules of practice provide that the court, in its discretion, may, within thirty days after entry thereof, set aside any judgment or decree upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable. (Ill. Rev. Stat. 1947, chap. 110, par. 174(7).) In interpreting this language we have held that whether or not a court should vacate and set aside judgments and orders previously made generally rests in the sound discretion of the court, depending on the facts presented. (*Village of La Grange Park* v. *Hess,* 332 Ill. 236; *People*

*ex rel. Wilson* v. *Chicago, Paducah and Memphis Railroad Co.* 301 Ill. 135). In this case, appellant's motion, based upon facts which showed that his disqualification no longer existed, was filed within thirty days after the judgment of ouster. Under the peculiar circumstances existing in this record, we believe that the motion to set aside the judgment and further hear and consider the cause should have been allowed.

Factors to be considered in arriving at such conclusion are: (1) If the event of appellant's admission to the bar had occurred before judgment of ouster was entered, the court would have properly held for appellant, all elements making him a *de jure* officer then being in existence; (2) At the time of judgment, appellant had taken the examination which ultimately resulted in the removal of his disqualification, he had in fact passed the examination but had not received notification at the time of judgment; and, (3) Appellant had fulfilled all the express statutory and constitutional requirements for his office. Because of the proximity of the events removing appellant's disqualification to the time of judgment, and their occurrence within the jurisdictional limits of the court, we are of the opinion that there is presented a situation where a proper exercise of discretion would have been to open up the judgment and let the appellant present proofs under his motion. If the trial court had thus proceeded and appellant had successfully sustained his claim of qualification, the writ of ouster would be properly denied as of the time of the court's substituted final order.

From the facts presented, we are of the opinion that the trial court erred in not allowing appellant's motion. Its judgment is therefore reversed and the cause remanded to the circuit court of Lawrence County, with directions to proceed in accordance with this opinion.

*Reversed and remanded, with directions.*