**Harry J. Fournier, Plaintiff-Appellee, v. John G. Kitsos, Defendant-Appellant.**

**Gen. No. 48,028.**

First District, Third Division.
October 20, 1960.

Kitsos and Kitsos, of Chicago, for appellant.

George Echt and Byron M. Getzoff, of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Harry J. Fournier confessed judgment against John G. Kitsos for the unpaid balance on a promissory note which, with interest and attorneys' fees, totaled $4,408.29. The judgment was opened upon Kitsos' petition. Later a settlement was reached between the attorneys for the parties and an agreed judgment for $1,500.00 was entered against Kitsos, which was satisfied in open court. The agreed judgment was also vacated, this time upon the motion of Fournier made within 30 days.

██ Neither Fournier's motion nor the court's order mentioned the satisfaction which had been entered of record concomitantly with the judgment. The order vacating the judgment was premature. The satisfaction had extinguished the judgment, therefore the judgment could not be vacated without first setting aside the satisfaction. Pappas v. Cappell, 297 Ill. App. 301, 17 N.E.2d 537; Galway v. City of Chicago, 207 Ill. App. 304.

If the procedure had not been irregular and if a motion had been made and granted to annul the satisfaction, there still would be required a motion presenting sufficient facts and legal grounds for vacating the judgment. Fournier's motion is not in the record and we do not know what it alleged in detail or whether it was written or oral. Although it was not incumbent upon us to do so, we have searched the record in the hope of learning its contents. All that we have found is this: (1) the notice of the motion served upon the defendant's counsel which stated that the motion to

465

set aside the judgment was ". . . by reason of mistake of fact and of erroneous information submitted by counsel," and (2) the defendant's motion to strike the plaintiff's motion, which objected to it because it did not specify what the mistake of fact was or what the erroneous information was which purportedly misled the plaintiff or his attorney.

There was a hearing on the motion but this too is not in the record. There does appear a subsequent settlement conference between court and counsel in which reference is made to the prior hearing. The court observed that he had heard all the arguments upon the motion, had indicated he would grant it and did not wish to review what he had already decided. But nothing in this discussion discloses the content of the motion, the argument supporting it or the reasons for the decision.

Fournier states in his brief that it was ". . . the position of the court and the plaintiff-appellee that mutual mistake of fact is a basis for vacating a satisfaction of judgment . . ." and, "The facts are that the plaintiff-appellee based its motion to vacate the judgment on the basis of a mutual mistake of fact." Unfortunately for him the record does not show this. From the notice and the motion to strike, we must conclude that the motion neither alleged a mutual mistake nor detailed the grounds upon which the motion was founded.

██ ██ The Civil Practice Act, sec. 50(6), ch. 110, Ill. Rev. Stat. (1959) provides: "The court . . . may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." The Civil Practice Rules of the Municipal Court have a like provision, sec. 50(6). A motion such as this, therefore, is directed to the discretion of the court and the question upon review is whether that discretion was

abused. People ex rel. Elliott v. Benefiel, 405 Ill. 500, 91 N.E.2d 427.

█ Although wide discretion is given the trial court, the discretion must be exercised within the scope of the law. The picture as seen by the trial court may have differed from the one exhibited to us, but we must act upon the record submitted and not upon extraneous information supplied by counsel. The motion, as reflected by the record, was insufficient factually and inadequate legally to justify setting aside the judgment. Accordingly, the order of the Municipal Court wil be reversed.

Reversed.

SCHWARTZ, P. J. and McCORMICK, JJ., concur.