Louis Meneghen, d/b/a Cottage Grove Land Fill Company, Plaintiff-Appellant, v. Calumet Development Corp. et al., Defendants-Appellees.

(No. 59950;

First District (5th Division)—May 17, 1974.

Norman P. Wexler, of Wexler, Wexler and Heller, Ltd., of Chicago (Wexler and Wexler, of counsel), for appellant.

Carey, Filter & White, of Chicago (Edward M. White, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from the denial of his motion to vacate an order which dismissed his suit and denied him leave to file an amended complaint.

Suit was originally brought seeking a declaratory judgment that a lease was in full force and effect and also seeking damages for breach of the lease. The complaint alleged in one count that plaintiff had made a request of defendant Calumet Development Corp. (Calumet) to extend the terms of an existing lease and that Calumet orally guaranteed that the lease would be extended for a period of not less than 5 to 7 years beyond the year 1970. The second count alleged that all defendants conspired to breach the lease and thus prevented him from conducting his business, for which he sought damages. Defendants moved separately to strike and dismiss the complaint, asserting the defense of the statute of frauds and that the oral lease was too indefinite and therefore was a nullity.

Plaintiff's original attorney did not appear for the hearing on the motions to strike and dismiss and, after an examination of the pleadings, the court struck the complaint and dismissed the suit.

Subsequently, plaintiff learned that his attorney failed to appear for the hearing because he had been institutionalized for a physical impairment. He retained new attorneys and, on their motion, the order of dismissal was vacated and the matter was again set for hearing on the

motions to strike and dismiss. This hearing was held on November 26, 1973, and the suit was again dismissed. Thereafter, within 30 days, plaintiff filed a dual motion to vacate the dismissal order of November 26, 1973, and for leave to file a first amended complaint. This motion was denied on December 17, 1973, and it is from that order and the order of November 26, 1973, that this appeal was taken.

OPINION

Plaintiff contends his motion filed December 17, 1973, to vacate the judgment of dismissal was in compliance with section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)) which, in pertinent part, provides:

> "(5) The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

■■ A motion such as this is directed to the discretion of the court, and the question on review is whether that discretion has been abused. *People ex rel. Elliott v. Benefiel*, 405 Ill. 500, 91 N.E.2d 427.

Initially, we note that in his December 17, 1973, motion, plaintiff asserts only that (1) he had a meritorious cause of action and should have been given an opportunity to file a first amended complaint; and (2) defendants would not be prejudiced by this action.

Plaintiff now argues that the court abused its discretion in denying his motion to vacate, because (1) his original counsel was institutionalized at the time of the first dismissal and was not able to properly represent him; (2) the trial court was verbally informed at the hearing on December 17, 1973, that additional evidence had been discovered which would further enable the plaintiff to substantiate his claim and would be the basis of an amended complaint he intended to file after the dismissal was vacated; and (3) no prejudice would result to the defendants. Under those circumstances, he maintains that it was unreasonable for the court to deny the vacation of the dismissal order.

The claim that plaintiff did not have proper representation is contradicted by the record, which shows that the dismissal order entered when plaintiff's first attorney failed to appear, was subsequently vacated, and the court then held hearings on the motions to strike and dismiss, at which plaintiff's new attorney was present. Thus, it does not appear that there was any prejudice to plaintiff by any action or inaction of his first attorney.

We note also that although at one time section 50 required affidavits showing good cause to support a motion to vacate a judgment, the statute

in effect at the time of the entry of the judgment of dismissal here did not require such affidavits. However, the following comment is made in the Historical and Practice Notes with reference to section 50:

> "The deletion of the requirement that a motion to vacate must be supported by affidavits showing good cause does not mean that good cause need not be shown. Quite the contrary. A bare motion to vacate, without more, is insufficient. Good cause must appear or be made to appear of record. The method of showing the good cause may, but need not necessarily, be by affidavit. If the good cause is based on matter *de hors* the record an appropriate and undoubtedly the normal means of making it a matter of record will be an affidavit."

We have examined the record, which does not include a report of proceedings, and are unable to find any information therein which could be the basis upon which the dismissal order should have been vacated. Plaintiff, in his brief, states the court was orally informed that there was new evidence which would be incorporated in an amended complaint when and if the dismissal was vacated. However, there is nothing in the record or in the briefs as to the nature of this additional evidence or its materiality, nor does it appear from the record that plaintiff offered the court a proposed amended complaint at any time.

Under those circumstances, we believe that the language of the court in *Fournier v. Kitsos*, 27 Ill.App.2d 464, 169 N.E.2d 803, is appropriate. There, at page 467, it was stated:

> "'Although wide discretion is given the trial court, the discretion must be exercised within the scope of the law. The picture as seen by the trial court may have differed from the one exhibited to us, but we must act upon the record submitted and not upon extraneous information supplied by counsel. The motion, as reflected by the record, was insufficient factually and inadequate legally to justify setting aside the judgment."

Here, we are of the opinion that good cause does not appear of record and because no facts were presented to the trial court for the exercise of its discretion, there was no abuse thereof.

For the reasons stated, the judgment is affirmed.

Judgment affirmed.

DRUCKER and LORENZ, JJ., concur.