H. KENT HELLER, Plaintiff-Appellee and Cross-Appellant, v. TRAVEL AMERICA, INC., *et al.*, Defendants (Transcontinental Insurance Company, Citation Defendant-Appellant and Cross-Appellee).

Second District   No. 2—91—0677

Opinion filed May 19, 1992.

Robert G. Black, D. Kendall Griffith, and Adam S. Kreuzer, all of Hinshaw & Culbertson, of Chicago, for appellant.

H. Kent Heller, of H. Kent Heller & Associates, P.C., of Naperville, appellee *pro se*.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Transcontinental Insurance Company (Transcontinental), citation defendant, appeals from the trial court's decision that awarded H. Kent Heller (Heller), plaintiff, $17,028.47 in a citation proceeding under section 2—1402 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1402). Transcontinental had moved to quash the citation to discover assets or, alternatively, to adjudicate the amount owed. Transcontinental's issues on appeal are: (1) whether the trial court erred in not declaring the default judgment against Transcontinental's insured, General Mechanical Service Corporation (GMSC), void for failure to include Transcontinental as a necessary and indispensable party; (2) whether citation proceedings may be maintained against an insurer for payment of a default judgment predicated on a claim of fraud; and (3) whether the trial court erred in awarding an amount beyond that covered under Transcontinental's warranty policy. Heller cross-appeals claiming that the amount awarded should have been equal to the unpaid portion of the judgment, $36,453.47. We dismiss the appeal for the reasons stated below.

In September 1985, Heller purchased a motor home from Travel America, Inc. (Travel America), that was manufactured by Winnebago Industries, Inc. (Winnebago). Heller paid $5,024.38 as a down payment and financed $20,000 with Chemical Financial Services, Inc. (Chemical). Included in Heller's purchase was a vehicle service contract administered by GMSC, a Colorado corporation. Transcontinental insured GMSC's service contracts.

Heller claimed that the motor home had "manifested various defects, including but not limited to [e]ngine breakdowns, engine rods, engine turbocharger, and other various defects." After Heller tried unsuccessfully to have the vehicle repaired under the warranty service contract, Heller filed this action. Counts I and II of the amended complaint, filed on March 2, 1989, were claims under the Magnuson-Moss Warranty Act (15 U.S.C.A. §2301 *et seq.* (West 1982)) against Travel America and Winnebago. Count III, the count pertinent to this appeal, was a claim under the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*) against Travel America and GMSC. Count IV was a claim against Chemical to revoke the retail installment contract pursuant to Federal regulation 16 C.F.R. §433.2 (1992).

Count III specifically alleged that Heller was induced by Travel America to purchase the GMSC vehicle service contract. After discovering defects in the motor home, Heller contacted Travel America and GMSC for warranty repairs. GMSC denied Heller's claim in a letter dated April 6, 1988, because of "inadequate service records." Heller claimed that Travel America's and GMSC's fraudulent conduct caused him damage.

The vehicle service contract stated that Travel America would "repair, replace, or reimburse the Purchaser for reasonable costs to repair or replace any of the covered parts *** due to mechanical breakdown." The contract also stated that "[e]vidence of proper service must be submitted in the event of a claim." GMSC was the contract administrator of the agreement.

GMSC's counsel filed an appearance after the original complaint was filed on May 27, 1988. GMSC filed a motion to dismiss certain counts of the original complaint. The counts were dismissed without prejudice on March 2, 1989, and Heller filed the above-mentioned amended complaint. Thereafter, GMSC did not file an answer. On September 14, 1989, counsel for GMSC withdrew because GMSC ceased operations.

Heller filed a motion for default against GMSC on June 19, 1990. Noel Prather, a representative with Transcontinental, was served by

mail with notice of the motion. The court's order of June 28, 1990, granted default in favor of Heller and ordered prove up. The notice of default was filed on July 9, 1990, and notice was served by mail to Noel Prather of Transcontinental. Heller also obtained default against Travel America.

Heller filed an affidavit on September 11, 1990, proving the losses he incurred because of the defective motor home. The costs and expenses were:

"a. Down payment $5,034.00. Installment payments $10,656.00. Repairs unreimbursed by warranty company $9,088.47, loss of use (vehicle undriveable) 4-4-86 through 7-12-86 $2,970.00. 1-26-88—8-29-88 $6,480.00.

b. Additional repairs necessary to repair engine $5,300.00. Attorneys fees incurred through 8-24-90 $19,425.00 (not including time spent by attorney in plaintiff's office, prior to time Lehrer, Flaherty & Canavan retained). Costs of litigation, including expert witness fees c. $4,500.00. TOTAL: $63,453.47."

On September 25, 1990, the trial court entered a default judgment against GMSC and Travel America, jointly and severally, in the amount of $63,453.47. Heller settled with Winnebago for $18,000 and with Chemical for $8,000. Thereafter, Heller filed a stipulation to dismiss the complaint. An accompanying order was attached, which stated:

"ORDER

This cause coming on to be heard on this date upon the Stipulation for Dismissal with prejudice filed herein by the above plaintiff(s) and above named defendant(s), and the Court having examined said Stipulation and being fully advised in the premises, finds that this cause of action has been fully compromised and settled and the parties have stipulated and agreed to dismissal of the complaint with prejudice, and that the court further finds that all costs have been paid.

IT IS THEREFORE ORDERED that the complaint of plaintiff(s) against the defendant(s) be and the same is hereby dismissed with prejudice.

Done this 15th day of November, A.D. 1990."

After dismissing the complaint, Heller served citations to discover assets to Travel America, GMSC, and Transcontinental. Transcontinental moved to quash the citation or, alternatively, for an adjudication of the amount owed. Transcontinental attached a copy of its insurance policy with GMSC. The policy stated that GMSC would be

indemnified by Transcontinental for warranty claims GMSC was obligated to pay.

Transcontinental also filed a motion to void or vacate the default judgment, arguing that Heller had failed to join Transcontinental as a necessary and indispensable party and that the notices of default were improperly served. The trial court denied Transcontinental's motion to vacate based on Transcontinental's lack of standing and also denied its motion to quash.

Pursuant to the motion for adjudication, the trial court ordered Transcontinental to pay Heller $17,028.47. Heller had previously settled with Winnebago for $18,000 and with Chemical for $8,000. The trial court subtracted what it believed was a combined "$27,000" settlement and the $19,425 figure for attorney fees from the $63,453.47 default judgment to come up with $17,028.47.

Transcontinental filed a timely appeal on June 14, 1991. Heller apparently filed his cross-appeal on July 2, 1991.

We need not address either Transcontinental's contention that we lack jurisdiction to hear Heller's cross-appeal or any of the other substantive contentions. We dismiss this appeal because Heller filed a stipulation to dismiss the entire cause of action on November 15, 1990, thereby giving notice that the matter had been "satisfactorily compromised and settled."

This court entered an order on March 25, 1992, which stated as follows:

> "The court has examined the record and finds an order entered by the trial court on November 15, 1990, which found that the cause of action had been fully compromised and settled and ordered the complaint dismissed with prejudice. Now, therefore, on the court's own motion, the appellant is given 10 days to inform this court why the appeal should not be dismissed and the citation proceedings stricken for failure of the trial court to have jurisdiction to allow citation proceedings after dismissal with prejudice on November 15, 1990. The appellee to have 10 days thereafter to respond."

Transcontinental responded on Monday, April 6, 1992, and, not surprisingly, agreed that Heller's stipulation to dismiss "fully compromised and settled" the cause of action as to all defendants. The previous judgments against Travel America and GMSC were no longer "subject to enforcement," which is a requirement to supplemental proceedings under Supreme Court Rule 277(a) (134 Ill. 2d R. 277(a)).

Heller responded by claiming that the November 15, 1990, order did not vacate the previous judgments entered against Travel America and GMSC. Heller stated that the case was dismissed because "all of the claims against all of the parties [have] been resolved, three by settlement and two by Judgment." Heller's very next sentence states that the judgments against Travel America and GMSC remain "unsatisfied." We fail to see how all claims could be resolved *and* certain judgments remain unsatisfied.

■■ Although we find no case that deals squarely with the situation at hand, a few cases are instructive. In *In re Marriage of Pitulla* (1990), 202 Ill. App. 3d 103, the court determined whether the satisfaction and release of a judgment barred an appeal on the amount of the judgment. The Appellate Court, First District, construed section 12—183(h) of the Code of Civil Procedure, which states:

"(h) Upon the filing of a release or satisfaction in full satisfaction of judgment, signed by the party in whose favor the judgment was entered or his or her attorney, the court shall vacate the judgment, and dismiss the action." (Ill. Rev. Stat. 1989, ch. 110, par. 12—183(h).)

The court held that section 12—183(h) did not preclude the judgment creditor's right to appeal and stated:

"We believe that the purpose of section 12—183 is twofold: (1) to serve as proof of payment of the judgment, barring any further attempt by the judgment creditor to enforce the judgment, and (2) to stop the accrual of post-judgment interest. *Once a satisfaction of judgment has been filed in the trial court, the statute places a limitation on that court's jurisdiction to conduct further proceedings on the issue,* but does not bar an appeal." (Emphasis added.) *Pitulla*, 202 Ill. App. 3d at 110.

*Pappas v. Cappell* (1938), 297 Ill. App. 301, also dealt with the effect of filing a satisfaction statement. The plaintiff filed a "satisfaction piece" cancelling a judgment on certain notes held by the plaintiff. The court held that the filing of the satisfaction was evidence of the intent to cancel the judgment based on those notes and that a contrary intention was not indicated. *Pappas*, 297 Ill. App. at 303-04.

■ On its face, the stipulation to dismiss barred the bringing of *any* action based on the claim being dismissed. We hold that this would include citation proceedings to discover assets. Heller may have intended to release only Winnebago and Chemical, but a contrary intention is indicated by the stipulation to dismiss. We believe that the four corners of that document must be upheld. Thus, we dismiss this

appeal and vacate the trial court's May 16, 1991, order because the underlying cause of action has been dismissed with prejudice.

Appeal dismissed and order vacated.

NICKELS and BOWMAN, JJ., concur.