Mima E. Jones, as Administratrix of Estate of Charles A. Jones, Deceased, Plaintiff, v. Pauline Langton Engel, Defendant. John E. Conroy, as Clerk of the Circuit Court of Cook County, Garnishee.

Gen. No. 45,939.

Opinion filed February 10, 1953. Released for publication March 24, 1953.

JOHN F. LAX, of Chicago, for appellant.

JOHN S. BOYLE, State's Attorney of Cook county, Chicago, for garnishee; GORDON B. NASH, MELVIN F. WINGERSKY, and MEYER H. GOLDSTEIN, Assistant State's Attorneys, all of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff sued to recover $1,380, balance due for premium on a bail bond given by plaintiff's decedent for Sigmund Sam Engel, who had been indicted and was confined in the county jail awaiting trial. Plaintiff attached $600 belonging to defendant Pauline Engel and held by the Clerk of the circuit court. The court, after a hearing, dissolved the attachment and dismissed the suit. No brief has been filed on behalf of Pauline Engel. The State's Attorney has appeared on behalf of the Clerk. The funds attached were part of $5,500 taken from Sigmund Engel and deposited with the Clerk. One Florence C. Barrete had sued Engel and attached these funds. Thereupon, J. Edward Jones, an attorney who had undertaken to defend Engel; Reseda Corrigan, who claimed that Engel had obtained the $5,500 from her on the basis of a promise to marry her; Pauline Langton Engel (the defendant here) who claimed to be the wife of Engel, and one Irene Grimes,

of San Francisco, another of the woe-begone retinue, all intervened. A stipulation was entered into by all of these parties, dividing the funds in the hands of the Clerk, except ''only that $500 be allowed to the person or persons as compensation for having furnished bail to the defendant Sigmund S. Engel.'' The court entered an order directing the Clerk to distribute the funds to the parties to the stipulation. Pauline Engel was to receive $600. That money is still in the hands of the Clerk and is the fund attached in this case. The $500 ordered paid to the person who made bail was taken by plaintiff in this case.

The complaint charges that Pauline Engel promised to pay to plaintiff's decedent the full amount of the bond, to-wit: five per cent of $37,600, or $1,800 and, setting up proper grounds for attachment, attached the funds in the hands of the Clerk payable to Mrs. Engel. Pauline Engel answered the complaint, denying that she had repeatedly asked plaintiff's decedent to make bail, and asserting that the matter was adjudicated by the order in the attachment suit referred to, and that when plaintiff took the $500, it was in full satisfaction of any and all claims. The Clerk of the circuit court, as garnishee, moved to dismiss the writ of attachment, alleging that the money held by the Clerk was in *custodia legis;* that the order entered in the previous attachment suit was *res adjudicata;* and that the same was accepted in full satisfaction. He acknowledged that he has the $600 payable to Pauline Engel.

 The only oral testimony is that offered by J. Edward Jones, lawyer and son of plaintiff administratrix, and that of plaintiff herself. J. Edward Jones testified that Pauline Engel in his presence agreed to pay the full amount of the premium on Engel's bond, and that there was no acceptance by his mother of the $500 in full satisfaction in his presence or that

he knew of. Mima Jones was not a party to the Barrete suit and could not be bound by any order in that case, except insofar as she herself might acknowledge that it was in full settlement. The only basis for such an acknowledgment is the receipt in which she consented to the entry of the order and which shows that she is entitled to the money in accordance with the order. She denies authorizing her son to represent her in the case or to take the $500 in full settlement. An attorney authorized to represent a client in litigation does not necessarily have authority to conclude a settlement. *Bergman v. Rhodes*, 334 Ill. 137; *Benevolent Society v. Aid Society*, 283 Ill. 99; *City of Kankakee v. Lang*, 323 Ill. App. 14; *Consaer v. Wisniewski*, 293 Ill. App. 529; *Fessler v. Weiss*, 348 Ill. App. 21.

██ It is argued by the garnishee that the adjudication in the Barrete suit is binding upon plaintiff. Plaintiff was not a party to the Barrete suit, nor was any one in privity with her a party to that suit. *Markley v. People ex rel. Kochersperger*, 171 Ill. 260; *Cramer v. Wilson*, 202 Ill. 83, 92–3; *Smith v. Rountree*, 185 Ill. 219. The garnishee cites *People ex rel. Salvatore De-Cola v. United States Fidelity & Guaranty Co.*, 306 Ill. App. 518, 522, and *Little v. Blue Goose Motor Coach Co.*, 346 Ill. 266, as authority for the proposition that a prior judgment may be a bar, where a material fact in litigation has been determined. However, it is explicitly stated in both of these cases that the suit must be between the same parties or between parties with whom the parties to the subsequent suit are in privity, and where the fact was material to the issue in the former suit. Not only were the parties not in privity in the former suit, but it appears to us that there was no issue in that case with respect to the amount due on the agreement to make bail. All that appears to have been done in that case was to distribute among various claimants funds taken from Engel. Judg-

ment in the Barrete suit cannot be pleaded in bar of the instant case.

██ It is argued on behalf of the garnishee that the funds in his possession were in *custodia legis* and as such, were not subject to attachment. It does not appear from the record that the Clerk was anything more than a stakeholder. However, even if he were, after the court had ordered the specific payment of $600 to Pauline Engel and nothing remained for her to do but come in and claim it, the fund was then subject to attachment. *Pierce v. Carleton,* 12 Ill. 358; *Weaver v. Davis,* 47 Ill. 235. In the latter case the Supreme Court approved the doctrine that funds in the custody of one court are not subject to the process of another court. The reason for this is to avoid bringing different tribunals into collision and causing embarrassment to officers concerned in the final execution of the process. However, when officers of a court have been ordered to pay funds to a party, a different situation arises. As to this, the court said:

"The reason of a law is the soul of the law, and if the reason ceases, the law also ceases. There can be no question that the party to whom this money was ordered by the court to be paid, had a right to demand and receive this money from the master, and if not paid, he could maintain an action for it. * * * The money is no longer in the custody of the law, but in that of a person, who *quoad hoc,* becomes the trustee of the party entitled."

The court thereupon reversed the trial court and held that the money was subject to attachment.

Judgment reversed and cause remanded, with directions to enter a judgment for plaintiff in the sum of $1,380, and directing the Clerk of the circuit court to pay to plaintiff upon said judgment the funds attached in his hands in the sum of $600.

*Judgment reversed and cause remanded, with directions.*

Robson, P. J., concurs.

Tuohy, J., took no part.