Joseph L. Chamness and Jacqueline A. Chamness, Plaintiffs-Appellants, v. William C. Minton, d/b/a Complete Mobile Home Service, and Marshall Smith, Defendants-Appellees.

Gen. No. 10,411.

Third District.

February 26, 1963.

Rehearing denied April 2, 1963.

Kenneth A. Green, of Mattoon (Thomas J. Logue, of counsel), for appellants.

Weilepp, Wilson & Dyar, of Decatur (Vernon H. Houchen, of counsel), for appellee, William C. Minton.

CARROLL, J.

This appeal follows an order of the Circuit Court of Macon County setting aside an order of default previously entered by that court with leave to a certain defendant to plead to the complaint.

On October 20, 1960, plaintiffs filed their complaint seeking damages against one Marshall Smith and Complete Mobile Home Service, sometimes referred to herein as Complete. The action sounded in tort and charged Smith and Complete with negligence resulting in damages to certain personal property of plaintiffs. Summons issued and personal service was had upon defendant Smith, and Complete was served by leaving a copy with one William C. Minton. The Sheriff's return is as follows: "I have duly served the within summons on the defendant, Complete Mobile Home Service, by leaving a copy thereof personally with William C. Minton, owner of Complete Mobile Home

Service, on the 26th day of October, 1960." On December 5, 1960, plaintiffs obtained an order of default against defendants Smith and Complete. On December 19, upon plaintiffs' motion for summary judgment, with supporting affidavits attached, the court entered its judgment order against defendants Smith and Complete in the sum of $19,274.93 with costs. Execution issued, which was subsequently returned by the Sheriff marked "No Property Found." On March 1, 1961, plaintiffs made a motion to amend the complaint and all documents pertinent in the proceeding by inserting the words, "William C. Minton, d/b/a" in front of the name Complete Mobile Home Service, wherever the latter name might appear in the proceeding, and asked that such amended order be made nunc pro tunc. Notice of the motion, according to the certificate of service, was served upon a firm of attorneys, presumably then representing William C. Minton. Briefly, the ground for plaintiffs' motion to amend is that the true owner of Complete Mobile Home Service was William C. Minton and that Complete was a sole proprietorship, owned and operated by Minton only and that he was the true person intended to have been sued and that he ought to be bound by the judgment entered against Complete Mobile Home Service by reason of his actually having been served with process.

On March 10, 1961, William C. Minton filed his special and limited appearance specifying, (1) that the court had no jurisdiction over Minton as he is not a party defendant, (2) that more than 30 days had elapsed since entry of the proposed judgment and the court, therefore, lost jurisdiction to enter additional modifying orders, and (3) that the motion to amend is insufficient to warrant the relief sought by plaintiffs.

Upon hearing plaintiffs' motion to amend, the court made a finding that the defendant, Complete Mobile

327

Home Service, was the fictitious name of William C. Minton, d/b/a Complete Mobile Home Service and that William C. Minton was personally served with original process in the cause. The court allowed plaintiffs' motion to amend the complaint and all documents appearing in the proceeding. The order, however, was not specifically made nunc pro tunc. The court also allowed an oral motion by William C. Minton to set aside the previous default and entered a rule upon the defendant requiring him to plead within 10 days. It is from this latter order that the plaintiffs take this appeal.

The plaintiffs contend that Minton, having been personally served, must enter a plea in abatement or be bound by the default or judgment taken against Complete; that Minton failed to register under the appropriate index of assumed business name; that the return of the Sheriff imports verity; and finally, that the judgment of December 19, 1960, was final and binding upon Minton and that the Court could not modify it after expiration of 30 days.

The defendant Minton argues that the trial court's order is not final and appealable; that the original judgment was void because not taken against a natural or corporate entity; that the amending portion of the court's order could not validly be made nunc pro tunc; that the defendant could not be guilty of laches because the original judgment was a nullity as to him; that the return of the Sheriff is not part of the judicial record of the court, and that the allegations of the original complaint do not support a judgment order against Minton.

It is necessary to examine the allegations of the complaint in order to understand the relative positions of the parties. The plaintiffs charge that at the time of the subject occurrence the defendant Smith held himself out to plaintiffs as the owner of Complete and that Smith owned and operated Complete Mobile

Home Service as a business engaged in the towing of house trailers; that the plaintiffs engaged defendants Smith and Complete for the transportation of a trailer and personal property which Smith and Complete accepted and in the process of performance negligently caused the destruction of plaintiffs' property. Minton is neither mentioned in the complaint nor is it suggested that Smith was an agent or employee of Minton or any other person but that he himself owned and operated the Complete Mobile Home Service. All allegations allude to Smith and Complete only, as does the prayer.

■■ Since the plaintiffs in their complaint identify Complete as a sole proprietorship of Smith, we believe that they are precluded from later asserting that Complete was a misnomer for Minton. While Minton may have been a party in interest, a careful study of the complaint fails to reveal any intention to make him a party to the action, nor can the Sheriff's return serve to broaden the scope of the pleadings or add an additional defendant. Lewis v. West Side Trust & Sav. Bank, 377 Ill 384, 36 NE2d 573. Service of process is merely a step in obtaining jurisdiction of a person *already a party defendant* in a lawsuit. Process cannot of itself make a person a party defendant. Definitively, process is procedural, and neither a summons nor its return serves to join one as a party defendant to an action unless he is already a party to such action. Ogdon v. Gianakos, 415 Ill 591, 596, 114 NE2d 686.

In our view only Marshall Smith and something designated, "Complete Mobile Home Service" were parties defendant in the cause. Complete was not a natural person, nor a corporation, nor a partnership. It was a business name which plaintiffs allege was used by defendant Smith.

The plaintiffs charge Minton with negligence or laches in failing to file his plea in abatement. While

Minton may have had a right to file such a plea, it does not follow that he was obligated to do so. Minton may have rightly concluded that he was not a party to the law suit, that the proceeding would not support a judgment against him, and that the litigation was solely the concern of Marshall Smith. With reference to negligence and laches as argued by plaintiffs, we must take note of the fact that the plaintiffs had ample opportunity to be informed of the real party in interest by virtue of the Sheriff's return, as early as October 26, 1960. They could have amended the complaint and had additional summons issued at any time. Instead, they waited until after a judgment order had been entered and execution issued.

We believe the real question before this court is not one of misnomer or prejudgment procedure, but rather one of post judgment relief. The plaintiffs take the position that more than 30 days have elapsed and that the trial court was without jurisdiction to set aside the default and open the judgment, except as to matters of form. The defendant Minton argues that the order is not a final and appealable one. It should be noted that within 10 days of the trial court's order, defendant Minton waived the special character of his appearance and filed an answer, putting in issue the material allegations of the complaint. While defendant Minton may have sought post judgment relief under Section 72 of the Practice Act, it is clear that the proceedings below cannot be viewed as a proceeding under Section 72, since the requirements for petition are mandatory and jurisdictional under that Section and defendant Minton has not taken steps sufficient to qualify for relief thereunder. In our view, Minton was neither sued nor summoned. Lewis v. West Side Trust & Sav. Bank, 377 Ill 384, 36 NE2d 573. It would appear, however, that the ends of justice require the addition of Minton as a defendant and a trial upon

330

the merits. We, therefore, hold that Complete Mobile Home Service was not a misnomer for defendant William C. Minton, and that the record could not be corrected nunc pro tunc or otherwise so as to render him subject to the judgment obtained against Complete. We further hold that the trial court's order was proper under the authority of Section 26 of the Civil Practice Act, which provides: ". . . New parties may be added and parties misjoined may be dropped by order of the court, at any step of the cause, before or *after* judgment, as the ends of justice may require and on terms which the court may fix."

The effect of the trial court's order of March 10, 1961, was merely to permit the addition of Minton as a party defendant after judgment and requiring him to plead to the complaint within 10 days. In compliance with such order, Minton filed an answer and so far as the record indicates, the cause was then at issue.

■ Contending that the trial court's order was not final and appealable, the defendant has filed a motion to dismiss the appeal, which has been taken with the case. Section 77 of the Practice Act provides that appeals will lie only from final judgments or decrees. Krambeer v. Canning, 33 Ill App2d 208, 178 NE2d 147. In this case as has been pointed out, the appeal is taken from an order setting aside a default order and ruling the defendant to answer within 10 days. This does not constitute a final and appealable order and this court is without authority to entertain an appeal therefrom. Accordingly, plaintiff's appeal is dismissed.

Appeal dismissed.

REYNOLDS, P. J. and ROETH, J., concur.