Thomas H. Fisher, Plaintiff-Appellant, v. John K. Jacobs, Defendant-Appellee; The First National Bank of Chicago, et al., Garnishees-Appellees.

**Gen. No. 48,817.**

First District, First Division.

February 28, 1963.

Norman Crawford, of Chicago, for appellant.

Wilson & McIlvaine, of Chicago, for The First National Bank of Chicago, Trustee, garnishee-appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff Thomas H. Fisher brought this attachment proceeding in the Circuit Court of Cook County to collect from nonresident defendant John K. Jacobs the sum of $1,745.13, claimed due plaintiff for attorney's

fees. On motion of one of the garnishees, the trial court dismissed the entire case "for lack of jurisdiction." Plaintiff appeals.

The basic facts are not disputed. The property described in the attachment writ was "money due John K. Jacobs from trust assets of a value of $2,000 forming part of the trust estate in the hands of The First National Bank of Chicago, as Trustee under the Will of Otto Young, Deceased, and John E. Sullivan, Alfred M. Rogers and The First National Bank of Chicago as Trustees under the Conveyance and Liquidation Trust Agreement." The $2,000 is part of the Marie Louise Brill share of the Otto Young trust estate and is still in the possession of the garnishees. The garnishees contend that the funds are not subject to attachment or garnishment because (1) they are in custodia legis of the U. S. District Court; (2) they are trust funds; and (3) they are protected by a spendthrift clause.

Nonresident defendant Jacobs was served by publication; he entered no appearance and has not participated in these proceedings. All of the garnishees have entered their appearances by filing notices and stipulations.

The order of dismissal was entered on an unverified motion of garnishee The First National Bank to dismiss the action as to it on the ground that the court had no jurisdiction over the assets described in the attachment writ. The motion included statements of facts to support the basic contentions. Within 30 days after the entry of the order of dismissal, plaintiff filed a verified motion to vacate it and set forth additional facts, not theretofore included in the complaint or in the affidavit for attachment, concerning the legal status of the instant funds. Plaintiff appeals from the order of dismissal and from the denial of his motion to vacate that order.

334

 Plaintiff contends that the court erred in denying his motion to vacate the order of dismissal. Section 50(6) of the Civil Practice Act provides that "the court may in its discretion, . . . on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." "Whether or not a court should vacate and set aside judgments and orders previously made generally rests in the sound discretion of the court, depending on the facts presented." (People ex rel. Elliott v. Benefiel, 405 Ill 500, 505, 91 NE2d 427 (1950).) And it is only where there has been an abuse of discretion that a reviewing court will interfere. Dalton v. Alexander, 10 Ill App2d 273, 135 NE2d 101 (1956); Busser v. Noble, 8 Ill App2d 268, 131 NE2d 637 (1956); Charles Ford & Associates v. Goldberg, 7 Ill App2d 241, 129 NE2d 337 (1955).

Plaintiff's verified motion shows that on December 30, 1960, a consent decree was entered in the U. S. District Court in Chicago in case No. 43 C 1043, entitled DeKorwin v. First National Bank of Chicago. In part it decreed:

"B. Pursuant to the findings and conclusions hereinabove set forth the Testamentary Trustee and the Liquidation Trustees are directed:

"1) to pay and distribute out of the segregated share of MARIE LOUISE BRILL the following sums in cash jointly to the following named persons and their attorneys of record, if any, as indicated below:

| Assignee or Subassignee | Attorney | Cash |
|---|---|---|
| | . . . | |
| John K. Jacobs | Louis L. Kahn<br>Jack A. Diamond | $5,355.45 |
| | . . . | |

"L. The Court finds that there is no just reason for delay before the entry of this Decree as a final

335

judgment and hereby directs that this Decree be entered as a final judgment."

Plaintiff relies on the terms of the above decree to disprove the contention of garnishees that the funds sought to be garnished are in custodia legis, as held in DeKorwin v. First Nat. Bank, 267 F2d 337 (1959), where, in discussing the Otto Young trust estate, it was said (p 340):

> "It necessarily follows that the District Court acquired jurisdiction in rem or quasi in rem. It must and does control the trust estate and, therefore, has jurisdiction to adjudicate all claims to the res to the exclusion of any court of co-ordinate jurisdiction in order that distribution can be made to the parties lawfully entitled thereto and the trust terminated."

■ ■ In general, property or funds in custodia legis are not subject either to attachment or garnishment. However, any occurrence that changes the custody of an officer from custodia legis into a personal obligation to the owner renders the property attachable or garnishable. "After the person who is entitled to a fund has been ascertained, together with the amount to which he is entitled, and an order has been made for payment, the court officer or custodian then becomes the agent of such party and may thereafter be garnished, or the fund in his custody attached." 6 Am Jur2d, Attachment and Garnishment, § 203 (1963).

This view is followed in Illinois. "When officers of a court have been ordered to pay funds to a party, a different situation arises. . . . 'There can be no question that the party to whom this money was ordered by the court to be paid, had a right to demand and receive the money . . . and if not paid, he could maintain an action for it. . . . The money is no longer in the custody of the law, but in that of a person,

who quoad hoc, becomes the trustee of the party entitled.'" (Jones v. Engel, 349 Ill App 423, 427, 111 NE2d 187 (1953); Pierce v. Carleton, 12 Ill 358 (1851); Weaver v. Davis, 47 Ill 235 (1868).) We conclude that the fund sought to be attached is no longer in custodia legis.

■■ Generally speaking, trust funds are not subject to attachment or garnishment. (Citizens Nat. Bank of Chicago v. Grossman, 21 Ill App2d 573, 575, 159 NE2d 22 (1959); 6 Am Jur2d, Attachment and Garnishment, § 188 (1963).) However, we are not persuaded that this broad statement is applicable on the facts before us. Although trusts, in general, are within the peculiar province of courts of equity, there are some actions against a trustee which are cognizable in a court of law, and when the remedy at law is adequate and complete, as we regard it here, we think such remedy at law may be pursued. Taylor v. Turner, 87 Ill 296 (1877).

"Where the trustee has received a sum of money which he is under a duty immediately and unconditionally to pay to the beneficiary and he neglects to do so, he is liable in an action at law for money had and received." (2 Scott on Trusts, § 198.1, p 1493 (2d ed 1956).) Similarly, "a dry, passive, or executed trust—that is, one in which nothing remains to be done by the trustees—is, as a rule, attachable, especially where it is deemed to vest a legal title in [the beneficiary]." 6 Am Jur2d, Attachment and Garnishment, § 190 (1963).

■ The consent decree provisions set out in plaintiff's motion to vacate effectively demonstrate that the garnishee trustees are no longer under any duty with respect to the funds other than to pay them to defendant Jacobs and his listed attorneys. We hold the instant fund was subject to attachment.

■ We find no merit in the garnishee's contention that the funds sought to be attached are subject to

a spendthrift clause. Although Congress Hotel v. Martin, 312 Ill 318, 143 NE 838 (1924) held that the *income* due a beneficiary of the Otto Young trust was to be protected by a spendthrift clause, whether the corpus was so protected was not decided. However, in DeKorwin v. First Nat. Bank, 275 F2d 755, 759 (1960), the U. S. Court of Appeals for the Seventh Circuit said, "We hold the spendthrift clause in the Otto Young will does not apply to corpus." In the instant case, it appears the trust was being liquidated and the District Court was directing the distribution of corpus not protected by any spendthrift clause. We find nothing in the instant record to warrant the enforcement of any spendthrift provisions against this attachment.

The garnishees finally contend that "joint funds cannot be garnished," citing 57 ALR 844, and further, that "even if the fund can be attached," Jacobs' attorneys "are necessary parties" before disbursement can be made. In Leaf v. McGowan, 13 Ill App2d 58, 141 NE2d 67 (1957), the court held that a creditor makes a prima facie case when he garnishees a joint account to which the judgment debtor is a party, and "the burden is then upon the other party to the joint account to prove what part, if any, of the funds in such account belonged to him." We believe that this reasoning is applicable to the instant case, and that the fund is attachable although a joint fund. The trial court should ascertain the interest in the joint funds, if any, of the attorneys for defendant Jacobs, in order to ascertain that the interest of Jacobs in the fund is at least equal to the $2,000 here sought to be attached.

For the reasons given, we conclude that in the exercise of sound discretion the trial court should have allowed plaintiff's motion to vacate the order of dismissal. Therefore, the order of dismissal is reversed

and the cause is remanded to the trial court for such further proceedings as are consistent with the views expressed herein.

Reversed and remanded with directions.

BURMAN, P. J. and ENGLISH, J., concur.