Frank Dross, Plaintiff-Respondent-Appellant, Inland Steel Company, a Corporation, Intervenor-Respondent-Appellee, v. Farrell-Birmingham Company, Inc., a Corporation, Defendant-Petitioner-Appellee.

Gen. No. 49,278.

First District, Third Division.

June 25, 1964.

Schultz, Krinsley, Voorheis & Hedberg, of Chicago (Raymond Harkrider, of counsel), for appellant.

Gerard E. Grashorn and Edward J. Wendrow, of Chicago (Winston, Strawn, Smith & Patterson, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This is an appeal from an order vacating a default judgment which the plaintiff Frank Dross obtained against the defendant, Farrell-Birmingham Corporation. The defendant's motion to dismiss the appeal was taken with the case. There are three questions to be decided (1) was the motion made by the defendant within 30 days of the default judgment a motion to vacate; (2) if the motion was a motion to

vacate, did the court err in granting it and (3) if the court was not in error is the court's order appealable?

Dross was employed by the Inland Steel Company in that company's Lake County, Indiana, mill. On January 28, 1960, he was operating a grinding wheel when it suddenly disintegrated. Fragments of the wheel struck him upon the face and head, resulting in the injuries complained of here. Farrell-Birmingham Company, a Connecticut corporation, was alleged by Dross to be the manufacturer of the wheel which had caused his injuries and on January 24, 1962, he commenced an action against that company in the Superior Court in Lake County, Indiana. On the following day, January 25th, he commenced an identical action against it in the Superior Court of Cook County, Illinois.

Copies of the complaint and summons in the Illinois action were served on Farrell-Birmingham at its Chicago office and were forwarded to the company's home office in Connecticut. In affidavits submitted at a later date, the defendant claimed that employees at its home office presumed that these papers concerned the Indiana suit and commingled them with the papers in that suit. Later, this error was repeated when Inland Steel Company served notice upon the defendant at its office in Chicago that it would seek to intervene because of the payments made to Dross in workmen's compensation benefits.

At any rate, Farrell-Birmingham Company made no appearance in the Illinois case and on May 31, 1962, a default judgment was entered against it awarding plaintiff damages in the amount of $35,000. On June 29, 1962, Farrell-Birmingham filed a motion, pursuant to section 68.3 of the Civil Practice Act, to vacate the default judgment and, pursuant to section 48(1)(c) of the same Act, to dismiss the action with prejudice on the grounds that a former action was

pending in the same matter in Indiana. The motion stated, without giving any details, that there was a good and meritorious defense to the action. On January 14, 1963, the defendant submitted an amendment to its motion making more specific the allegations contained in the original motion. The amendment set out the confusion that resulted from the filing of the Illinois and Indiana actions one day apart, stated that the defendant had a meritorious defense in that it did not manufacture grinding wheels and did not sell Inland Steel any wheel manufactured by it, and asked permission to answer the complaint. The amendment was supported by the affidavits heretofore referred to.

The plaintiff strenuously opposed the amendment. His objections, 33 pages in length and accompanied by 24 exhibits, may be summarized as follows: the defendant could not have been confused by the two actions because they obviously were distinct from one another; the defendant was fully aware of the Illinois action because its midwest manager, who was in charge of its Chicago office, had been notified twice: he had seen the complaint and summons and he had received Inland Steel's petition for leave to intervene; the defendant not only failed to appear in response to the summons, it also failed to appear at the hearing on Inland's petition, although notified that the petition would be presented in a courtroom in the Cook County Courthouse; at the time the defendant moved to dismiss the Illinois case it had pending in the Indiana court a plea in abatement challenging the jurisdiction of the Indiana court over the defendant; the Indiana action was vulnerable to this motion and that is why the plaintiff had filed the second case in Illinois; the defendant did not reveal the plea in abatement to the Illinois court, but made material misrepresentations in its motion to dismiss by creating the false impression that the Indiana action was in

195

active litigation; the defendant deliberately and inequitably sought dismissal of the complaint with prejudice so that it could dispose of the Illinois case by this motion, and then the Indiana case by its plea in abatement and thus, because statutes of limitation had run, deprive the plaintiff of any forum in which to try his case.

The plaintiff argued in his objections, as he has in this court, that the defendant's original motion of June 29, 1962, was not a motion to vacate and, therefore, could not be amended on January 14, 1963, to make it such; that the amendment, if considered at all, could only be regarded as a petition under section 72 of the Civil Practice Act which provides for relief from final judgments after 30 days from the entry thereof and, if so regarded, it would have to be denied. The plaintiff insisted, and argues here, that the original motion was not a motion to vacate a default judgment because: (a) it was a motion to dismiss knowingly and purposefully brought under section 48(1)(c) of the Practice Act; (b) that section 68.3 of the Act, under which the motion was also brought, does not apply to default judgments but to judgments in cases tried without a jury; (c) that the motion did not mention and was not brought under section 50(6) of the Act which provides that in the discretion of the court any default may be set aside on motion made within 30 days after the entry thereof, and (d) the motion was also deficient in that it did not comply with rule 1.5 of the Superior Court which provides that a motion to set aside a default judgment should show a meritorious defense and that reasonable diligence has been exercised by the defendant.

The trial court permitted the amendment to be filed and, after a thorough hearing, entered an order vacating the default judgment and giving Farrell-Birmingham leave to answer the complaint.

196

The motion filed by the defendants on June 29, 1962, asked for both the vacation of the judgment and for the dismissal of the action. The character of a pleading is determined more from its content than by its label. Ammons v. Jet Credit Sales, Inc., 34 Ill App2d 456, 181 NE2d 601. The defendant's motion not only was called in part a motion to vacate, but twice in the body of the motion it was referred to as such and in the prayer the court was asked to vacate the judgment. A motion may and often does pray for more than one kind of relief or for relief in the alternative. While the defendant's motion had for its prime purpose the dismissal of the complaint, it also was a motion to vacate—and it necessarily had to be. The judgment had to be vacated before the complaint could have been dismissed.

The motion was filed within 30 days from the date of the judgment. Once properly filed the motion was under the control of the trial court. Weinberg v. Larson, 275 Ill App 475. Like all motions for the vacation of a default judgment this one was addressed to the discretion of the trial court. Fisher v. Jacobs, 39 Ill App2d 332, 188 NE2d 505; Busser v. Noble, 8 Ill App2d 268, 131 NE2d 637. The exercise of discretion on the part of the trial court will not be disturbed on appeal unless it appears that the discretion was abused. Dalton v. Alexander, 10 Ill App2d 273, 135 NE2d 101. It was not an abuse of discretion for the court to permit an amendment to a motion which was under its control. And it was not an abuse of discretion for the court to allow the motion as amended for the motion and amendment, considered as one entity, constituted a proper motion for the vacation of the judgment since it alleged good and sufficiently specific grounds for the court to determine whether or not the judgment should be vacated. Trupp v. First Englewood State Bank of Chicago, 307 Ill App 258, 30 NE2d 198.

197

██ ██ The conclusions we have reached are determinative of the defendant's motion to dismiss the appeal. With certain exceptions, appeals will lie only from orders and judgments which are final, and no appeal may be heard by this court from an order which is interlocutory in nature. Ill Rev Stats 1961, ch 110, sec 77. McKee v. Standard Cartage Co., 34 Ill App2d 151, 180 NE2d 739. The present appeal is from an order granting a motion to vacate a default judgment and allowing the defendant leave to file an answer. It has been repeatedly held that such an order is interlocutory and, therefore, not final or appealable. Chamness v. Minton, 39 Ill App2d 325, 188 NE2d 873; La Vida, Inc. v. Robbins, 33 Ill App2d 243, 178 NE2d 412.

The defendant's motion is well founded and the appeal will be dismissed.

Appeal dismissed.

SCHWARTZ, P. J. and SULLIVAN, J., concur.