## Jesse Williams, et al., Plaintiffs-Appellants, v. Chauncey L. Morton, M.D., Defendant-Appellee.

### Gen. No. 51,163.

First District, Fourth Division.

March 10, 1967.

Stewart and May, of Chicago (Charles M. May and Roland M. Stewart, of counsel), for appellants.

Aaron H. Payne, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This action was brought by Jesse Williams to recover damages allegedly sustained by him as a result of alleged negligent surgical procedures by Chauncey L. Morton, defendant, a physician.

A count in the complaint alleges consequential damages suffered by Thelma Williams, wife of Jesse Williams. The complaint was filed and the defendant was served with summons. On June 29, 1965, an order of default was entered in the Circuit Court of Cook County against the defendant, which order provided that the

matter be transferred to the assignment judge for assignment for a prove up as a default matter.

On December 1, 1965, after hearing the case as a default matter, a judge in the Circuit Court entered judgment against the defendant, Morton, in the sum of $25,000.[1] On December 13, 1965, the defendant filed a motion to vacate the said judgment; objections to the motion were filed by plaintiffs; and a hearing was held in the trial court on December 16, 1965. On that date an order was entered vacating the default judgment. It was further ordered that the defendant be permitted to file his answer or otherwise plead to plaintiffs' complaint within 20 days. It is from this order that plaintiffs seek to appeal.

█ Former section 77 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 77) provided that appeals are allowed to the Appellate Court to review final judgments, orders or decrees of various courts in Illinois. Section 77 was repealed, effective January 1, 1964. In the Historical and Practice Notes by Jenner and Tone in SHA c 110, § 77, it is said: "Subsection (1) of Section 77 was repealed because the same subjects are covered in Sections 5 and 7 of the new Judicial Article." The amended Article 6 of the Illinois Constitution, commonly referred to as the new Judicial Article, became effective January 1, 1964. Section 7 provides:

> "In all cases, other than those appealable directly to the Supreme Court, appeals from final judgments of a Circuit Court lie as a matter of right to the Appellate Court . . ."

Cases dealing with the finality and appealability of a judgment decided under section 77 of the Civil Practice Act are applicable under section 7 of the new Judicial

---

[1] This judgment order does not appear in the abstract but does appear in the record.

Article. See Harris Trust & Savings Bank v. Briskin Mfg. Co., 63 Ill App2d 12, 211 NE2d 32.

 In the instant case the order appealed from is one vacating a default judgment and resetting the case for hearing. In Dross v. Farrell-Birmingham Co., Inc., 51 Ill App2d 192, 200 NE2d 912, the court said:

> "The present appeal is from an order granting a motion to vacate a default judgment and allowing the defendant leave to file an answer. It has been repeatedly held that such an order is interlocutory and, therefore, not final or appealable. Chamness v. Minton, 39 Ill App2d 325, 188 NE2d 873; La Vida, Inc. v. Robbins, 33 Ill App2d 243, 178 NE2d 412."

Phillips v. Getz, 55 Ill App2d 479 (Abst.), 205 NE2d 278, was a suit in which a default judgment had been entered against the defendant. The court entered an order vacating the default judgment and assigned a new trial date. The appeal was from that order of the court. The court stated:

> "The parties have raised and argued several points in their respective briefs but have overlooked entirely this court's lack of jurisdiction to hear this appeal. Although neither of the parties raised the question of jurisdiction, it is our duty to do so sua sponte when we find jurisdiction wanting. McKee v. Standard Cartage Co., 34 Ill App2d 151, 180 NE 2d 739; Reynolds v. Wangelin, 314 Ill App 12, 40 NE2d 900. The Civil Practice Act limits the right of review to appeals from final judgments, orders and decrees. Ill Rev Stats, 1963, chap 110, sec 77. The order in question is one vacating a default judgment and resetting the case for hearing. This court has repeatedly held such an order is interlocutory

and, therefore, neither final nor appealable. Dross v. Farrell-Birmingham Co., Inc., 51 Ill App2d 192, 200 NE2d 912; Chamness v. Minton, 39 Ill App2d 325, 188 NE2d 873."

The Phillips case was decided under section 77 of the Civil Practice Act, and the same rule is applicable under the provisions of the judicial amendment. An order vacating a default judgment and resetting the case for hearing is neither final nor appealable.

The appeal must be dismissed.

Appeal dismissed.

ENGLISH, P. J. and DRUCKER, J., concur.