MARK ALLEN SALVATI, Plaintiff-Appellee, *v.* PEKIN LINCOLN MERCURY, INC., Defendant-Appellant.

Third District   No. 75-260

———

Opinion filed March 31, 1976.

Cassidy, Cassidy & Mueller, of Peoria, for appellant.

Mark Allen Salvati, *pro se.*

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Pekin Lincoln Mercury, Inc., appeals from an order of the circuit court of Tazewell County which denied its motion to vacate a default judgment.

On February 17, 1975, the plaintiff, Mark Allen Salvati, filed a *pro se* small claims complaint in the circuit court of Tazewell County. In this pleading, he prayed for the sum of $500 plus costs for "Not complying to a verbale [*sic*]and a written agreement by Jim Smith at Pekin Lincoln Mercury, Inc. to me, Mark Allen Salvati about a used car deal and not holding his promise." A summons was issued and served upon the defendant on February 19, 1975, with a return date of March 27, 1975, at 9:30 a.m. On March 26, 1975, the defendant through its attorney filed a motion to dismiss. At 9:30 on March 27, 1975, the plaintiff appeared but there was no appearance by the defendant or its counsel.

The court denied the motion to dismiss *ex parte* and entered judgment in favor of the plaintiff for the amount sought in the complaint. The record discloses, by docket entry, that a hearing was held on the merits.

On April 24, 1975 (within 30 days of the entry of the judgment) the defendant moved to vacate the default judgment. This motion was accompanied by the affidavits of David B. Mueller and Ann Turner. In substance, these affidavits stated that at the time of the hearing on the motion to dismiss, counsel for the defendant was engaged in the trial of a jury case in Peoria County, Illinois. Attempts to inform the court of counsel's prior commitment were allegedly made on March 26, 1975. Messages were left with Judge Reardon's answering service, but no response or acknowledgment followed. The defendant also filed a proposed answer denying the material allegations of the complaint. After a hearing, the motion to vacate the default judgment was denied, and this appeal has followed.

The defendant contends that the trial court abused its discretion in denying its motion to vacate the default judgment. Section 50 (5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50 (5) provides in pertinent part:

> "(5) The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

A motion pursuant to section 50(5) is directed to the discretion of the court, and the question on review is whether that discretion has been abused. *Meneghen v. Calumet Development Corp.*, 19 Ill. App. 3d 997, 313 N.E.2d 279.

The contention of the defendant is that the record demonstrates excusable conduct on its part, and it should be allowed its day in court. This argument is without merit. The record reveals that the defendant and its attorney did not appear on the date set for trial. There is no allegation in the motion to vacate that either the defendant or its attorney did not know the time set for trial. The fact that defense counsel was in trial in another county on the same day does not relieve him of his responsibility to either inform the trial court of such conflict or have someone appear in his behalf. The practical administration of justice requires that the litigant undertake the burden of following his case. (*Cf. Belline v. Italia*, 133 Ill. App. 2d 400, 273 N.E.2d 413.) According to the affidavit submitted on behalf of defendant, defense counsel knew the case was scheduled for March 27, 1975; yet, on the day before, when he appeared to know that he would be on trial the next day, he filed a motion to dismiss without requesting a continuance. The affidavits contain no explanation for defense counsel's failure to notify the court on the date of the hearing regarding his inability to appear.

■■ A default judgment should be condoned when it is necessary to give the plaintiff his just demand; it should not be set aside when it will cause a hardship upon the plaintiff to go to trial on the merits. (*Keafer v. McClelland*, 23 Ill. App. 3d 1035, 321 N.E.2d 136.) To vacate the judgment in the instant appeal will cause a hardship to the plaintiff, since his action was on a small claim which was handled *pro se*.

These facts do not establish as a matter of law that the trial court abused its discretion in denying defendant's motion to vacate the default judgment. For the reasons stated, the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.