FRANK H. SWINDLE, Plaintiff-Appellee, *v.* DR. BELLA HEARST, Defendant-Appellant.

Third District   No. 76-129

Opinion filed December 29, 1976.

C. Don Weston, of Macomb, for appellant.

Daniel P. Nagan, of Western Illinois University, of Macomb, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Frank Swindle filed a small claims complaint *pro se* against his landlord, Dr. Bella Hearst, to recover $377 for 1¾ months advance rent and a deposit paid to defendant Hearst under a lease. Defendant was served with a complaint and summons, including a notice of hearing, but she failed to appear at the appointed time. After hearing plaintiff's evidence the trial court entered judgment in favor of plaintiff for $277. Twenty-eight days later defendant filed a motion to set aside the default judgment, stating as grounds:

> "That she inadvertently misplaced the Summons and copy of Complaint and was unaware of the date this cause was to be heard until after the return date thereof; that she believes she has a meritorious defense to the cause of action and therefore respectfully prays that the Court enter an order setting aside said default judgment."

No affidavit was filed, and no other facts were asserted either to show a meritorious defense or to explain her failure to appear.

Following a hearing, the trial court denied the motion to vacate and noted on the docket sheet, "Court finds that Defendant has not be[en] diligent in presenting defense." Defendant appeals from the order denying her motion to vacate.

Defendant argues that she was not required to show a meritorious defense and that she did set out a "reasonable excuse" for failing to appeal. She cites *Megan v. L. B. Foster Co.* (2d Dist. 1971), 1 Ill. App. 3d 1036, 275 N.E.2d 426; *Widicus v. Southwestern Electric Cooperative, Inc.* (4th Dist. 1960), 26 Ill. App. 2d 102, 167 N.E.2d 799, among other cases, in support of her contention that the trial court should have vacated the default judgment in order to ensure that substantial justice is done between the litigants.

■■■ The question on review is whether the trial court abused its discretion in refusing to vacate the judgment. (*Stackler v. Village of Skokie* (1st Dist. 1964), 53 Ill. App. 2d 417, 203 N.E.2d 183.) As we said in *Salvati v. Pekin Lincoln Mercury, Inc.* (3d Dist. 1976), 37 Ill. App. 3d 78, 80-81, 345 N.E.2d 216, 217:

> "The practical administration of justice requires that the litigant undertake the burden of following his case. * * *
>
> A default judgment should be condoned when it is necessary to give the plaintiff his just demand; it should not be set aside when it will cause a hardship upon the plaintiff to go to trial on the merits. (*Keafer v. McClelland*, 23 Ill. App. 3d 1035, 321 N.E.2d 136.) To vacate the judgment in the instant appeal will cause a hardship to the plaintiff, since his action was on a small claim which was handled *pro se*."

We believe our ruling in *Salvati* is controlling in the case before us, and that the trial court did not abuse its discretion in this case.

■■ Defendant also asks that we take note of her affidavit which was "found" in the circuit clerk's office and which purports to set out facts to dispute plaintiff's claim. However, the affidavit was never filed with the court and is not a part of the record before this court.

For the reasons stated above, the judgment entered in the trial court is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.