LARRY M. KLAIRMONT, Plaintiff-Appellant, v. ELMHURST RADIOLOGISTS *et al.*, Defendants-Appellees.

First District (3rd Division)    Nos. 1—88—1951, 1—89—1094 cons.

Opinion filed June 27, 1990.

Charles E. Adler, of Adler & Adler, of Chicago, for appellant.

William C. Meyers and Stephen L. Tyma, both of McDermott, Will & Emery, of Chicago, for appellees.

JUSTICE WHITE delivered the opinion of the court:

The parties are before the court in two separate appeals from orders of the trial court. In 1—88—1951, plaintiff Larry Klairmont contends that the trial court erred in ordering him to pay costs as a sanction for discovery violations. In 1—89—1094, defendants Elmhurst Radiologist, S.C.; Physician's Service Center; and Gus Ormbrek contend that the court erred in granting plaintiff's motion to vacate an *ex parte* judgment entered in their favor on a counterclaim filed against plaintiff.

## FACTS

We will recite only those facts that are relevant to our decision.

1974-1981: Defendants were the lessees of office space in a building located at 110 East Schiller Street in Elmhurst, Illinois. Defendants vacated the building in November 1981.

December 1982: Plaintiff filed a two-count complaint against defendants alleging that they removed fixtures and caused extensive damage to the building and its electrical system. Count I of the complaint sought recovery against Elmhurst Radiologists, while count II sought recovery against "Gus Ormbrek d/b/a Elmhurst Radiologist/ Physicians' Service Center, Inc." The suit was filed in plaintiff's name, and the leases attached to the complaint revealed that the lessors of the property were plaintiff and the Imperial Realty Company, acting as agents for unnamed beneficiaries of a land trust.

February 1983: Defendants filed an answer denying plaintiff's allegations and alleging that the complaint failed to state a claim upon which relief could be granted. Defendants also filed a counterclaim for recovery of their $250 security deposit.

April 1984: Defendants filed a notice of deposition requesting the appearance of plaintiff on May 17, 1984. Defendants also filed a request for production of documents.

In the request, defendants sought (1) all files maintained by plaintiff concerning defendants; (2) all files concerning the leased premises; (3) all correspondence regarding defendants and the building; (4) receipts for the purchase of all items which plaintiff claimed were wrongfully removed from the premises by defendants; (5) receipts for the repair of damage caused by defendants; (6) all records for any work done to the electrical system; (7) all reports of State, local, or Federal building inspectors concerning the premises; and (8)

all documents on which plaintiff planned to rely to establish the alleged damages.

May 1984: Plaintiff filed objections to paragraphs (2), (3), (6), and (7) of defendants' request for production, arguing that they were too broad and sought irrelevant material. No objections were made to paragraphs (1), (4), (5), and (8); however, the documents requested in those paragraphs were not produced.

September 1986: Defendants filed a motion to compel discovery and requesting sanctions for plaintiff's failure to comply with defendants' April 1984 discovery requests. An agreed order was entered requiring plaintiff to produce before September 22 all documents sought by defendants to which no objections had been made. The order also required plaintiff to appear for his deposition "no sooner than October 3, 1986 or at such other time as the parties may hereafter agree."

October 1986: Defendants renewed their motion to compel alleging that plaintiff had failed to produce any documents relating to the damage that plaintiff claimed defendants caused to the building. Defendants also alleged that plaintiff's attorney had not replied to defendants' requests for a written response confirming or denying the existence of such documents.

On October 27 the trial court entered an order requiring plaintiff to file an affidavit of full compliance with defendants' request to produce.

November 7, 1986: The affidavits of Alfred Klairmont, plaintiff's son, and Robert Roth, one of plaintiff's attorneys, were filed with the court. Alfred Klairmont stated in his affidavit that plaintiff had searched his files for those documents covered by defendants' request for production and not objected to by plaintiff and that all such documents had been turned over to his attorneys. Klairmont's affidavit also stated that he was a duly authorized agent of plaintiff, that the statements in the affidavit were based on his personal knowledge, and that he was competent to testify concerning the statements. Roth's affidavit stated that copies of all documents received from plaintiff had been turned over to defendants' attorneys.

April 10, 1987: Defendants filed a motion to dismiss plaintiff's complaint for failure to allege facts establishing plaintiff's standing to sue on behalf of the owners of the property in question.

June 1987: Defendants' motion to dismiss was granted. On June 29, plaintiff filed an amended complaint again suing in his own name as agent for unnamed beneficiaries of a land trust.

July 1987: Defendants filed a three-count counterclaim against

plaintiff seeking the return of their security deposit and alleging that plaintiff had failed to maintain the premises as required by the terms of the lease and had breached the terms of the lease by filing suit against Gus Ormbrek in his individual capacity.

On July 22, defendants presented a motion for sanctions alleging that plaintiff, Alfred Klairmont, and one of plaintiff's employees had repeatedly failed to appear for their depositions. In response, the trial court ordered the depositions to be taken in court on July 28, 29, and 30.

On July 28, plaintiff failed to appear in court for his deposition and his attorney informed the court that he had been advised that plaintiff was in California for the birth of a grandchild. The court entered an order requiring plaintiff to appear the next day to explain his absence.

On July 29, plaintiff again failed to appear and plaintiff's attorney presented an affidavit in which plaintiff indicated that he failed to appear the previous day because he had chosen to attend a board meeting in Highland Park. The trial court entered an order requiring plaintiff to appear before the court for his deposition on the following day and reserving defendant's right to pursue sanctions for plaintiff's failure to appear as ordered on July 28. The plaintiff and Alfred Klairmont appeared for their depositions on July 30.

August 20, 1987: Defendants filed a motion to dismiss the amended complaint, a motion for judgment on the pleadings, and a motion to show cause and for sanctions. In the motion to show cause and for sanctions, defendants requested an award of attorney fees against plaintiff and his attorneys for various discovery violations, including plaintiff's failure to appear for his deposition and the filing of perjurous affidavits.

Defendants' claim that plaintiff filed perjurous affidavits was based upon Alfred Klairmont's deposition testimony that he possessed receipts and invoices for repairs made after defendants vacated the building. Defendants pointed out that in response to its request for documents relating to plaintiff's allegations of damage, Alfred Klairmont and one of plaintiff's attorneys filed affidavits stating that all documents requested by defendants had been produced.

In their motion to dismiss the amended complaint, defendants again asserted that plaintiff had failed to plead his authority to bring suit in his own name.

November 2, 1987: Defendants' motions for judgment on the pleadings in favor of Gus Ormbrek and for dismissal of plaintiff's complaint for failure to state a claim were granted. Plaintiff was

given until November 30 to file a second amended complaint; however, plaintiff did not file a second amended complaint within the time given.

February 1988: Plaintiff filed a motion seeking leave to file a second amended complaint. This complaint, like the previous ones, was filed in plaintiff's name as agent for unnamed beneficiaries of a land trust.

March 21, 1988: The trial court entered an order granting defendants' motion to show cause and for sanctions "for the reasons stated in Defendant's Motion." The court awarded defendant $2,871.70 in costs and fees to be paid by plaintiff and his attorneys.

June 1988: Plaintiff was denied leave to file his second amended complaint because it did not comply with the November 2 order. Plaintiff was given until June 27 to file a motion seeking leave to file a revised amended complaint. Leave to file was granted, and on July 5, 1988, a complaint naming plaintiff as the beneficiary of the land trust was filed.

October 1988: On October 25, the Chicago Daily Law Bulletin listed the case in the trial call for October 26. Defendants appeared in court on October 26. Plaintiff did not appear. The trial court entered an order dismissing the complaint for want of prosecution, granting a default judgment on defendants' counterclaim, and scheduling a prove up on November 4. That same day, defendants mailed plaintiff a copy of the court's order.

November 1988: Plaintiff failed to appear for the November 4 prove up. The court entered judgment in favor of defendants and awarded damages on defendants' counterclaim in the amount of $65,919.80.

On November 22, plaintiff filed a motion to vacate the dismissal for want of prosecution entered on October 26.

December 1988: On December 21, in their response in opposition to plaintiff's motion to vacate, defendants argued that the motion sought to vacate only the October 26 order dismissing the complaint for want of prosecution, not the November 4 judgment; that the November 4 judgment fully adjudicated the issues raised by the complaint; and that, therefore, the motion to vacate should be denied because recovery on the complaint was barred under the principles of collateral estoppel and res judicata.

On December 28, plaintiff filed a motion to vacate the November 4 judgment. Plaintiff's motion stated that his counsel appeared in another previously set matter on the morning of November 4 and that he had a "good and justiciable defense" to the counterclaim.

February 1989: Plaintiff filed a "supplement" to his motions. Attached to the supplement was a "docket print-out" of the case, indicating that on October 20 the case was placed on the assignment call for October 26; that on October 24, the case was reset for November 21; and that on October 26 the dismissal for want of prosecution and the default judgment were entered. Plaintiff argued that the printout demonstrated that the case should not have been on the trial call for October 26; that, due to the October 24 order, plaintiff was not required to appear in court on October 26; and that the dismissal for want of prosecution and default judgment should not have been entered.

March 1989: The trial court entered an order granting plaintiff's motions and vacating the October 26 order and the November 4 judgment.

APPEAL NO. 1—88—1951

In his appeal from the order granting defendants' request for sanctions and awarding attorney fees of $2,871.70, plaintiff claims that the award of fees was improper. Plaintiff has not cited any cases in support of this claim; instead, his brief consists of a lengthy recitation of what he contends are examples of defendants' improper conduct. However, it is plaintiff's conduct, not that of defendant, that is at issue, and we find that plaintiff's conduct warranted the imposition of sanctions.

In their motion to show cause and for sanctions, defendants sought sanctions pursuant to both Supreme Court Rule 219 (107 Ill. 2d R. 219) and section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611).

■■ ■ Supreme Court Rule 219(c) provides that a court may order a party or his attorney to pay the reasonable expenses, including attorney fees, incurred as a result of the party's failure to comply with the discovery rules (107 Ill. 2d Rules 201 through 222) or with any order entered under the rules. Sanctions are to be imposed under Rule 219 only when a party's noncompliance is unreasonable. (*Servbest Foods, Inc. v. Emessee Industries, Inc.* (1980), 82 Ill. App. 3d 662, 403 N.E.2d 1.) In determining whether the noncompliance is unreasonable, the standard is whether the offending party's conduct is characterized by a deliberate and pronounced disregard for the rules and the court. *Servbest*, 82 Ill. App. 3d at 679.

■ Section 2—611 provides that untrue statements, made without reasonable cause, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party

by reason of the untrue pleading, together with a reasonable attorney fee.

■ Under both Rule 219 and section 2—611, the award of sanctions is within the discretion of the trial court (*Whirlpool Corp. v. Bank of Naperville* (1981), 97 Ill. App. 3d 139, 421 N.E.2d 1078; *Wach v. Martin Varnish Co.* (1981), 96 Ill. App. 3d 954, 422 N.E.2d 172) and such an award should not be disturbed absent an abuse of discretion (*Pole Realty Co. v. Sorrells* (1981), 84 Ill. 2d 178, 417 N.E.2d 1297).

■ In granting defendants' motion, the trial court did not specify whether its award was pursuant to section 2—611 or Rule 219. The court's order stated only that the award was granted for the reasons stated in the defendants' motion for sanctions.

Among the reasons stated in defendants' motion was plaintiff's repeated failure to appear for his deposition. Defendants pointed out that plaintiff failed to appear on five separate occasions for scheduled depositions; that in response to plaintiff's failure to appear, the court entered orders requiring plaintiff's deposition to be taken in court; and that plaintiff failed to appear in court on July 28 or 29 in violation of the court's order requiring his appearance.

Another reason stated in defendants' motion was plaintiff's filing of a false affidavit stating that all materials sought by defendants' request for production had been turned over to defendant. Defendants noted that after plaintiff was ordered to respond to those portions of the request to produce to which no objections had been made, he failed to produce the documents relating to damages and repairs sought in paragraphs (5) and (8) of the request; that in response to defendants' renewed request for such documents plaintiff filed an affidavit stating that all requested documents had been produced; and that, subsequently, plaintiff revealed that he possessed documents relating to damages and repairs.

In *In re Application of Cook County Collector* (1986), 144 Ill. App. 3d 604, 494 N.E.2d 536, this court held that a section 2—611 award may be based on untrue statements made in an affidavit and that an award made in such circumstances comports with the language and intent of the statute. In *Tennicott v. Chicago Transit Authority* (1981), 103 Ill. App. 3d 607, 609, 431 N.E.2d 1077, we held that a defendant's conduct in failing to respond fully to plaintiff's request to produce "did not fall within the realm of the expected spirit of the rules of discovery" and, therefore, it was proper for the trial court to impose sanctions under Rule 219(c). In *Nehring v. First National Bank* (1986), 143 Ill. App. 3d 791, 493 N.E.2d 1119, the appel-

late court held that a plaintiff's conduct in refusing to produce documents and repeatedly failing to appear for his deposition warranted the imposition of sanctions, pursuant to Rule 219(c).

In the present case, we find that, in light of plaintiff's conduct in repeatedly failing to appear for his deposition, in failing to respond fully to defendants' request to produce, and in filing an affidavit falsely stating that all requested and unobjected-to documents had been produced, the trial court's award of sanctions was justified. Accordingly, we affirm the trial court's award of $2,871.70 in costs and fees to be paid by plaintiff and his attorneys.

APPEAL NO. 1—89—1094

In their appeal from the order granting plaintiff's motion to vacate the November 4 judgment, defendants argue that the trial court's action amounted to an abuse of discretion. Defendants contend that the motion to vacate the November 4 judgment must be treated as a section 2—1401 petition and that, as such, it fails to establish that plaintiff is entitled to relief pursuant to section 2—1401.

▮ Relief from judgments may be obtained under sections 2—1301 and 2—1401 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—1301, 2—1401.) Section 2—1301 provides that an order or judgment may be vacated by a court upon a motion of a party filed within 30 days of the entry of the judgment. Section 2—1401 sets forth the procedures under which relief from an order or judgment may be obtained after 30 days from the entry thereof. A section 2—1401 petition, unlike a section 2—1301 petition, must set forth specific factual allegations demonstrating that the petitioner has a meritorious defense or claim and that the petitioner acted with due diligence. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381; *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 270 N.E.2d 841.

In the present case, an order dismissing plaintiff's action for want of prosecution was entered on October 26, and on November 4, an *ex parte* judgment was entered on defendants' counterclaim. On November 22, within 30 days of both the dismissal order and the *ex parte* judgment, plaintiff filed a motion to vacate the court order of October 26. This motion made no mention of the court's November 4 judgment. On December 28, plaintiff filed a motion to vacate the November 4 judgment.

In his appeal, plaintiff argues that his second motion should not be considered a section 2—1401 motion because his first motion, filed within 30 days of the *ex parte* judgment, sought to vacate the No-

vember 4 judgment by implication and gave the court continuing jurisdiction over the case.

■ While it is true that a motion may pray for more than one type of relief and that the character of a motion should be determined from its content (see *Dross v. Farrell-Birmingham Co.* (1964), 51 Ill. App. 2d 192, 200 N.E.2d 912), it is clear that plaintiff's first motion was addressed to and sought relief from only the October 26 order of dismissal. It is also clear that the granting of relief from the October 26 dismissal would not require, of necessity, that the *ex parte* judgment be vacated, and, therefore, we must disagree with plaintiff's contention that his motion implicitly sought such relief.

Thus, we are required to determine whether plaintiff's petition was sufficient for purposes of section 2—1401 and whether the trial court acted within its discretion when it vacated the November 4 judgment. As we stated above, a section 2—1401 petition must set forth allegations demonstrating a meritorious defense and that the petitioner acted with due diligence in resisting entry of the judgment. We find that plaintiff failed to meet this second requirement.

■ To establish due diligence, a petitioner must show that his failure to appear was a result of excusable mistake and that under the circumstances he acted reasonably and not negligently when he failed to resist the judgment. *Westphall v. Trailers, Campers, Campgrounds, Inc.* (1979), 76 Ill. App. 3d 205, 392 N.E.2d 741; *Summit Electric Co. v. Mayrent* (1977), 54 Ill. App. 3d 173, 369 N.E.2d 319.

Plaintiff has argued in the lower court and before this court that he was not negligent when he failed to appear on October 26, because an order was entered on October 24 continuing the case to November 21 and that the matter was placed on the October 26 trial call due to a computer error. However, plaintiff has never argued that he was aware of or relied on the October 24 order continuing the case. More importantly, plaintiff has made no claim that he was unaware of the November 4 hearing and he has not denied defendants' claim that they informed plaintiff of the November 4 hearing by notice mailed October 26. Plaintiff's only excuse for his failure to appear on November 4 is the unsubstantiated statement contained in his petition that "during the morning of November 4, 1988 Plaintiff's counsel appeared in another previously set matter." This allegation is insufficient to establish due diligence. See *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518; *Salvati v. Pekin Lincoln Mercury, Inc.* (1976), 37 Ill. App. 3d 78, 345 N.E.2d 216; *Elliot Construction Corp. v. Zahn* (1968), 99 Ill. App. 2d 112, 241 N.E.2d 129.

■ The fact that a plaintiff's attorney was engaged in another

matter on the date of a hearing does not excuse plaintiff or his attorney from either informing the court of the conflict or having someone else appear in his stead. (*Salvati*, 37 Ill. App. 3d at 80; *Elliot*, 99 Ill. App. 2d at 117.) Section 2—1401 does not afford a litigant a remedy whereby he may be relieved of the consequences of his own mistake or the negligence of his trial counsel. *Diacou v. Palos State Bank*, 65 Ill. 2d 304, 357 N.E.2d 518; *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Stallworth v. Thomas* (1980), 83 Ill. App. 3d 747, 404 N.E.2d 554.

In *Esczuk*, a complaint was dismissed after both plaintiff and defendant failed to appear at a pretrial hearing. In affirming the dismissal, the supreme court held that plaintiff's claim that she did not know of the hearing was insufficient to establish due diligence. (*Esczuk*, 39 Ill. 2d at 467.) In *Diacou*, the supreme court pointed out that the plaintiffs' petition contained no allegation that plaintiffs or their counsel lacked knowledge of the trial date and held that by failing to allege that they were unaware of the trial, plaintiffs had failed to make even the minimal showing found insufficient in *Esczuk*. *Diacou*, 65 Ill. 2d at 311.

In the case before us, plaintiff has not denied that he was aware of the November 4 hearing and has offered no excuse for his failure to seek a continuance or to advise the court that he would be unable to appear on that date. Thus, as in *Diacou*, plaintiff has failed to make the minimal showing necessary to establish due diligence, and, therefore, it was error for the court to grant the motion to vacate the November 4 judgment.

CONCLUSION

In appeal 1—88—1951, the order of the trial awarding sanctions to defendants is affirmed. In appeal 1—89—1094, the order granting plaintiff's motion to vacate the *ex parte* judgment entered November 4, 1988, is reversed.

No. 1—88—1951, Affirmed.
No. 1—89—1094, Reversed.

CERDA, P.J., and FREEMAN, J., concur.